(20 Misc. Rep. 63.)

## MUNDT v. GLOKNER.

(Supreme Court, Trial Term, New York County. March, 1897.)

1. ABATEMENT—ACTION FOR WRONGFUL DEATH.
    An action for death by wrongful act, brought by decedent's father, who was the sole next of kin (Code Civ. Proc. § 2732, subd. 7), abates on the death of the father, though he sued as administrator, and cannot be revived in the name of the administrator de bonis non of the son.
2. SAME—WAIVER OF ABATEMENT—AUTHORITY OF ATTORNEY.
    The objection that a cause of action does not survive may be taken at the trial, and is not waived by the fact that defendant's attorney consented to an order of revival.

Action originally brought by Edward M. Mundt, as administrator of Martin M. Mundt, deceased, against Gertrude Glokner, to recover $5,000 damages for causing the death of decedent, who was plaintiff's son. Edward M. Mundt died pending the action, and it was continued in the name of Sigmund M. Mundt, as administrator de bonis non of said Martin M. Mundt, deceased. Complaint dismissed.

A. & C. Steekler, for plaintiff.
Carter, Hughes & Dwight, for defendant.

McADAM, J. On June 25, 1892, Martin M. Mundt applied to the clerk in charge of the defendant's drug store, No. 2285 Eighth avenue, New York City, for 10 grains of quinine, and received from him a package labeled "Quinine." The said Mundt shortly thereafter swallowed the contents, and died the following morning, and it was ascertained that the package contained morphine, a dangerous drug. Death was undoubtedly caused by the negligence of the defendant's servant. The defendant, without questioning her liability for the wrong, raises the point that the cause of action never passed to the plaintiff as administrator de bonis non of the deceased. It appears that the intestate was of full age, and unmarried, and left him surviving his father, Edward M. Mundt, two brothers, and three sisters. Letters of administration were issued to the father October 5, 1892, and he, in his representative capacity, brought the action. He died

after suit brought, and letters of administration de bonis non of the estate of the deceased son were issued September 25, 1896, to the plaintiff, one of the brothers of said son, and the action was thereafter continued by order of the court in the present plaintiff's name. The defendant, by special defense in the nature of a plea puis darrein continuance, objects to the plaintiff's right to maintain the action. Did the cause of action survive the death of the father, or did the action abate on his death, so as to prevent plaintiff from continuing it? And does the order allowing such continuance estop the defendant from insisting on her special plea? The decision of the motion to dismiss depends upon the answers to these questions. "Actions for damages by reason of injuries resulting in death were unknown to the common law, and are founded wholly upon the statute. The cause of action is no part of the assets of the estate of the deceased. The statutory liability has no existence in his lifetime, and accrues only by reason of his death. * * * The damages are not general assets in the hands of the executor or administrator, and subject to their control, but are exclusively for the benefit of the decedent's husband or wife and next of kin. The claim before suit cannot be barred or released except by some person who has authority to bring the action at the time, and who, in a legal sense, represents the cause of action." Stuber v. McEntee, 142 N. Y. 200, 203, 36 N. E. 878. The action not being for a wrong to the "property" rights or interests of the father (2 Rev. St. [Ed. 1836] p. 365, § 1), conferred no rights upon his estate (Wade v. Kalbfleisch, 58 N. Y., at page 287), so that any right of action he acquired ceased with his death. No right of action for damages existed at common law against a person who, by his wrongful act or default, had caused the death of another. 5 Am. & Eng. Enc. Law, 125; Whitford v. Railroad Co., 23 N. Y. 468. The common-law maxim, "Actio personalis moritur cum persona," controlled. Broom, Leg. Max. 909; Hollenbeck v. Railroad Co., 9 Cush. 478. The present right of action is purely of statutory creation. 2 Wait, Act. & Def. 471, 472; 3 Suth. Dam. (2d Ed.) § 1259. The statute gives but one right of action, and where the person to be benefited by it dies, and there is, as in this case, no survivorship in respect to it, the right of action terminates. This is not a case where the right to participate in a recovery accrued to several next of kin as a class, for in that event the action would not abate by the death of one of them. The effect would simply be to reduce the number of persons entitled to share in the recovery. If the beneficial right had been one which had inured to the estate of the plaintiff's intestate it might have been enforced by the successor in office of the father, the first administrator appointed (2 Rev. St. [Ed. 1836] p. 52, § 14); but the right inured to the father in his representative capacity, "for the violation of a right appertaining to him, and not to the intestate" (Smith v. Railway, 15 Misc. Rep. 158, 35 N. Y. Supp. 1062; Wooden v. Railroad Co., 126 N. Y., at page 15, 26 N. E. 1050). At the time of the son's death his mother was dead, so that under the statute of distributions the entire recovery went to the father. Code, § 2732, subd. 7. In order that there may be a recovery, it is

necessary that the statutory beneficiaries exist at the time the action is brought. Hale, Torts (Hornbook Series) 187. Except so far as modified by statute, the common-law rule as to the effect of death on causes of action sounding in tort remains in full effect. Id. 186. The father had a complete cause of action, and, though the suit was nominally in his name as administrator of his son, a recovery therein would have been his own exclusively. He could have compromised and discharged the cause of action upon any terms he was willing to accept, and no one could have called him to account for it. A discharge from any or all of the remaining next of kin would not have affected his action, for they had nothing upon which a release could operate. In Geraghty v. New, 7 Misc. Rep. 30, 27 N. Y. Supp. 403, the mother brought suit for loss of services of her minor son, who had been injured by defendant's negligence. At the time of the accident the father was living. He died prior to the commencement of the action by the mother; and it was held that whatever cause of action accrued belonged to the father, and that the mother was properly nonsuited. The plaintiff in that case, like the plaintiff in this, succeeded to nothing by the father's death. Here the action by the father abated upon his death, and there was no power to revive it. Hegerich v. Keddie, 99 N. Y. 258, 1 N. E. 787. The remaining next of kin, for the reasons stated, had no right of action; and if on the father's death (which occurred May 22, 1895) they supposed they had one which they might assert by suit, the statutory limitation (two years) had at that time barred it. Code, § 1902. The objection that a cause of action does not survive may be taken at the trial, and the order reviving the action does not preclude the defendant from making that objection then and there. Arthur v. Griswold, 60 N. Y. 143; Evans v. Cleveland, 12 Hun, 140. The plaintiff claims that because the defendant's attorney consented to the order reviving the action the defendant cannot now dispute the plaintiff's right to prosecute, and cites Cox v. Railroad Co., 63 N. Y. 414, 419, in support of his contention. In that case a stipulation was given as a condition of granting a favor, to wit, putting the case over the term; and in consideration of this it was agreed that, in case of the death of the plaintiff before final judgment, the alleged cause of action should survive, and any verdict and judgment be regarded as if rendered in the lifetime of the plaintiff. The court said:

"When the stipulation was given, there was an existing cause of action, but it was subject to the contingency that it would be defeated by the death of the plaintiff before trial. The stipulation was designed to save it in case the contingency happened. We are of opinion the defendant's counsel was authorized to make it, and that it is binding on the defendant."

In the present case there was no existing right of action, and the consent was not given as a condition for obtaining a favor; and the defendant's attorneys had no power to give the plaintiff a cause of action against their client when none in fact existed. The attorney has generally, by virtue of his retainer, authority to do only those acts in or out of court necessary or incidental to the prosecution, defense, or management of the suit, and which affect the rem-

edy only, and not the cause of action. He cannot waive substantial rights of the client without his consent. Wells, Attys. p. 382. The defendant's attorneys never assumed to concede that the plaintiff had any right of recovery, and merely assented to the entry of an order such as they supposed the court would have made if they had not consented; and in a supplemental answer, which they interposed by leave of the court, pleaded the facts, and, as they lawfully might, took the specific objection that the plaintiff had no right of action whatever. Where supplemental pleadings are not allowed by order of court so as to permit of the objection now made, the order continuing the action in the name of an executor or administrator may conclude the defendant as to the death of the party and the representative character of his successor. Isham v. Davison. 3 Thomp. & C. 745; Underhill v. Crawford, 18 How. Prac. 112; Smith v. Zalinski, 94 N. Y. 519; Gibson v. Bank, 98 N. Y. 87, 97. But no case has gone so far as to hold that such an order precludes a defendant from objecting that the right of action has abated by the death of the original plaintiff, was incapable of revival, and did not and could not pass to the substituted plaintiff under the order of revival, though regular in form, and sufficient to operate in a case where the title to the subject-matter was capable of being conferred upon another by act of the parties or by operation of law.

The objection to the plaintiff's right to maintain the action is well taken, and the complaint must be dismissed, with costs.