## MOLLIE ELLIOTT and CHARLES L. ELLIOTT, Appellants, v. KANSAS CITY.

### Division Two, March 31, 1908.

1. **CAUSE OF ACTION: Survival: Personal Injuries.** A cause of action for personal injuries to a married woman in which her husband joined her as plaintiff, does not, on her death prior to judgment, survive to her husband.

2. ———: ———: ———: **Transmitted to Husband.** Although the husband is a coplaintiff with the wife in the action by her for personal injuries received by her, and although she died from the effects of such injuries after suit was instituted, the cause of action is not, upon her death, transmitted to him by operation of law, and he cannot continue the action as surviving plaintiff. Such an action is not for the damage done him, but for the damages personal to her. An action for personal injuries did not survive at common law, and the statute (Sec. 96, R. S. 1899) is but declaratory of that law.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*L. A. Laughlin* for appellants.

(1) The action for wrongful death given by our statute is not a new cause of action. The act continues or transmits to the persons therein named the

same action which the party whose death is occasioned would have had had he lived. Proctor v. Railroad, 64 Mo. 119; White v. Maxey, 65 Mo. 558; Gray v. McDonald, 104 Mo. 311; Miller v. Railroad, 109 Mo. 360; Hennessy v. Brewing Co., 145 Mo. 112; Matz v. Railroad, 85 Fed. 180; Strode v. Railroad, 197 Mo. 625; Bellamy v. Whitsell, 123 Mo. App. 610. (2) The claim of Mrs. Elliott for damages was merged in the judgment of April 25, 1904, and there remained until that judgment was set aside by this court on October 17, 1906. Lewis v. Railroad, 59 Mo. 503; Crawford v. Railroad, 171 Mo. 82; Behen v. Railroad, 186 Mo. 445. (3) If the judgment of April 25, 1904, had been affirmed the husband would have had no right of action. Strode v. Railroad, 197 Mo. 626. (4) Amendments are allowed expressly to save a cause from the Statute of Limitations and courts have been liberal in allowing them. Lottman v. Barnett, 62 Mo. 170; Lilly v. Tobbein, 103 Mo. 491; State ex rel. v. Thompson, 81 Mo. App. 549; Courtney v. Blackwell, 150 Mo. 272. (5) This cause survives by express provision of the statute, section 756. Wood v. Griffin, 46 N. H. 230; Syme v. Sanders, 2 Strobh. (S. C.) 332.

*Edwin C. Meservey* and *W. H. H. Piatt* for respondent.

(1) An action for personal injuries does not survive the death of plaintiff or defendant, but abates and cannot be revived. Bates v. Sylvester, 104 S. W. 73; Behen v. Railroad, 186 Mo. 430; Lewis, Admr. v. Railroad, 59 Mo. 503; Davis v. Morgan, 97 Mo. 79; R. S. 1899, secs. 96, 97; Beck v. Dowells, 40 Mo. App. 71. (2) When a married woman is injured by the negligence of another, two independent rights of action arise, one to the woman for the injuries to her body, for the incident pain and anguish; the other, the consequential injuries suffered by her husband in loss of

society, services, etc. Womach v. St. Joseph, 201 Mo. 486; Wallis v. Westport, 82 Mo. App. 527; Cullar v. Railroad, 84 Mo. App. 346; Smith v. St. Joseph, 55 Mo. 456; Thompson v. Railroad, 135 Mo. 217; Furnish v. Railroad, 102 Mo. 669. (3) An action by a married woman for personal injuries sustained by her is in effect an action of a *femme sole,* and her husband is not a party thereto in the larger legal sense. Womach v. St. Joseph, 201 Mo. 486; R. S. 1899, sec. 4340; Smith v. Warden, 86 Mo. 382; Blair v. Railroad, 89 Mo. 338; Bank v. Hageluken, 165 Mo. 443; Thompson v. Railroad, 135 Mo. 222; Smith v. St. Joseph, 55 Mo. 456; Hicks v. Railroad, 68 Mo. 336; Mann v. Rich Hill, 28 Mo. App. 497; Walker v. Philadelphia, 195 Pa. St. 168. (4) If, on appeal to a court of last resort, a judgment for personal injuries is set aside and vacated, the claim is restored to its original nature, and does not survive in case of death of plaintiff. Behen v. Railroad, 186 Mo. 445; Crawford v. Railroad, 171 Mo. 68; Beck v. Dowells, 40 Mo. App. 71; Lewis, Admr. v. Railroad, 59 Mo. 503. (5) The right of action given by statute for death by wrongful act is compensatory and penal, accrues only after death, and is different from that given by law to one for personal injuries sustained. Bates v. Sylvester, 104 S. W. 73; Strode v. Railroad, 197 Mo. 624; Behen v. Railroad, 186 Mo. 445; Marshall v. Mining Co., 119 Mo. App. 270; Hennessey v. Brewing Co., 145 Mo. 104; Casey v. Railroad, 116 Mo. App. 270; R. S. 1899, secs. 2864, 2865, 2866; 8 Am. and Eng. Ency. Law (2 Ed.), 858-9. (6) The law does not give one a pecuniary interest in his own death. An action for personal injuries cannot be transformed into an action for death by wrongful act. The alleged amended and supplemental petition appellant seeks to file herein is an attempt to substitute an action for death by wrongful act for an action for personal injuries, and cannot be allowed. Strode v. Rail-

road, 197 Mo. 616; Purdy v. Pfaff, 104 Mo. App. 331; Ross v. Land Co., 162 Mo. 317; Prehm v. Porter, 165 Mo. 115; Burnham v. Tillery, 85 Mo. App. 453; Lennox v. Coal Co., 158 Mo. 473; Courtney v. Blackwell, 150 Mo. 280; Buel v. Railroad, 45 Mo. 562; Walker v. Railroad, 193 Mo. 473; Lilly v. Tobbein, 103 Mo. 490; Bricken v. Cross, 163 Mo. 453; Garren v. Railroad, 60 Mo. 405; Sidway v. Mo. Land & Live Stock Co., 116 Fed. 390; Patillo v. Allen Com. Co. (C. C. A.), 131 Fed. 681; Railroad v. Wyler, 158 U. S. 285; 8 Am. and Eng. Ency. Law (2 Ed.), 858-9.

BURGESS, J.—This is an appeal from a judgment holding that an action for personal injuries does not survive plaintiff's death.

Plaintiff Mollie Elliott, a married woman, on September 15, 1898, brought action in the circuit court of Jackson county against the defendant for damages for personal injuries caused by a fall on a defective sidewalk in defendant city, the trial resulting in a judgment for $500 in her favor. The plaintiff brought this judgment on a writ of error to this court, where it was reversed and the cause remanded. [174 Mo. 554.] On June 9, 1903, an amended petition was filed in said circuit court by Mollie Elliott and Charles L. Elliott, her husband, and the cause was transferred by change of venue to the circuit court of Lafayette county, where, on April 25, 1904, plaintiff recovered judgment against the defendant for $8,000. Defendant appealed to this court, and on October 17, 1906, this second judgment was reversed and the cause remanded. [198 Mo. 593.] During the pendency of the appeal, and on the 14th day of August, 1904, Mollie Elliott died from the effects, as counsel claims, of the injuries caused by her fall on the sidewalk. The mandate of this court was filed in the office of the clerk of the Lafayette Circuit court on October 30, 1906. At the April term, 1907, of said cir-

cuit court, the defendant filed its motions to dismiss and abate the cause on account of the death of Mrs. Elliott, and plaintiff Charles L. Elliott filed his motion for leave to file an amended and supplemental petition. At the August term, 1907, of said court the motion of plaintiff, Charles L. Elliott, was overruled, and the motions filed by defendant to dismiss and abate the cause were sustained, and the court rendered judgment abating the cause. From this judgment plaintiff, Charles L. Elliott, appeals.

The question before us for decision is as to whether this action for personal injuries by Mollie Elliott, in which her husband, Charles L. Elliott, was joined with her, survived to him upon her death during the pendency of the suit. That such an action, in the absence of statutory provision, does not survive is, we think, well-settled law.

Section 96, Revised Statutes 1899, provides that "for all wrongs done to property, rights or interests of another, for which an action may be maintained against the wrong-doer, such action may be brought by the person injured, or, after his death, by his executor or administrator, against such wrong-doer, and, after his death, against his executor or administrator, in the same manner and with like effect, in all respects, as actions founded upon contract."

Section 97 provides that "the preceding section shall not extend to actions for slander, libel, assault and battery or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff," etc.

It is perfectly clear that the cause of action which existed in favor of Mollie Elliott did not, under these sections of the statute, survive to her husband, and as none existed at common law, her cause of action did not survive to him upon her death.

It is, however, suggested in behalf of the husband

that as he is a co-plaintiff with his wife in the action by her for personal injuries received by her, and as she died from the effects of the injuries, the cause of action, at her death, is transmitted to him by operation of law and he can continue the action as surviving plaintiff, and that the court should not insist upon the technicality of requiring the husband to bring a new suit when he is already a plaintiff in the same action.

The answer to this contention is that an action for personal injuries did not survive at common law, and the statute quoted is only declaratory of that law. [Davis v. Morgan, 97 Mo. 79; 1 Cyc. 50.]

In Beck v. Dowell, Exr., 40 Mo. App. 71, the plaintiff, a minor, prosecuted her suit by her next friend against the defendant, Zachariah Harris, for assaulting and shooting her with a pistol, and recovered judgment against him for seven hundred and fifty dollars. After the appeal was taken, the defendant died, and the appeal was prosecuted in the name of his executor. The court said: "If the judgment is reversed, the plaintiff is remitted to her original claim, and, as that claim is one for injuries to her person, it is lost forever. [R. S. 1879, secs. 96, 97; Stanley v. Bircher, 78 Mo. 247.]"

The question of survivorship in actions for personal injuries received full consideration in the recent case of Bates v. Sylvester, 205 Mo. l. c. 500, wherein it was said: "Indeed, we are of the opinion, in view of the state of the law when sections 96 and 97 were enacted, it was the intention of the Legislature to provide for the survivor by and against personal representatives of actions for wrongs to property rights and interest only, and that by this enactment, without more, no action would lie based upon the death of a human being, and no right of action for tort to the person would survive the death of either the wronged or the wrong-doer."

If Mrs. Elliott was injured by the negligence of the defendant, and she was at the time a married woman, two independent rights of action accrued; one. in favor of the husband for loss of her services and society, and for expenses necessarily incurred in and about her care and nursing and for medical attention (Smith v. St. Joseph, 55 Mo. 456; Furnish v. Railroad, 102 Mo. 669; Womach v. St. Joseph, 201 Mo. 467); the other in favor of the wife for the injuries to her person, for her suffering, pain and anguish, and the expenses by herself paid.

In a suit by the husband for loss of service of the wife, etc., the wife is not a necessary party; nor is the husband a necessary party in a suit by the wife for personal injuries. Plaintiff Charles L. Elliott has no interest in the prosecution of this suit. He could never have maintained an action of this character during the life of his wife, and, hence, the wife might have sued alone. [Sec. 4340, R. S. 1899; Womach v. St. Joseph, supra.]

It follows that no error was committed in sustaining the motion to dismiss and abate the suit. The judgment is affirmed. All concur.