ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1918.

(*Continued from Volume* 200.)

THOMAS RYAN et al., Respondents, v. ALBERT
ORTGIER, Admr. of the Estate of Mary Ortgier,
deceased, Appellant.

St. Louis Court of Appeals. Submitted January 9, 1919. Re-submitted
January 29, 1919. Opinion Filed February 4, 1919.

SURVIVAL OF ACTIONS: Damages Resulting in Death: Death of De-
fendant Tort-Feasor: Cause of Action Does Not Survive. Under
sections 105, 106, 5426 and 5438 of the Revised Statutes of 1909,
an action to recover damages "resulting in death," does not sur-
vive against the administrator of the deceased tort-feasor.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. James E. Withrow*, Judge.

REVERSED.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.*, for ap-
pellants.

(1) The amendment of the petition at the close of
the plaintiffs' evidence changed the plaintiffs' cause of

201 M. A.]               (1)

action from that originally pleaded to a different one and should therefore not have been allowed by the court. The cause of action attempted to be stated by the petition before the amendment had for its foundation an alleged defect in the premises which the defendant is alleged to have concealed from the tenant, whereas, after the amendment, the cause of action attempted to be stated has for its foundation an alleged failure to properly repair the premises. Heman v. Glann, 129 Mo. 325; Lumkin v. Collier, 69 Mo. 170; Parker v. Rodes, 79 Mo. 88. (2) Even if the amendment of the petition be held not to change the cause of action, the petition proceeds on the theory of a defective condition of the premises which was concealed from the tenant. Plaintiffs' evidence shows conclusively that the defect complained of was known to the tenant before she took possession; there was, therefore, no concealed, latent defect and therefore no liability on the part of defendant's intestate. Meade v. Montrose, 173 Mo. App. 722. There is no implied warranty of the condition of premises at the time of a letting, as between landlord and tenant. Griffin v. Freeborn, 181 Mo. App. 203; Korach v. Loeffel, 168 Mo. App. 414. There being only a contractual relation between the plaintiffs and their deceased son and the tenant, Mrs. Kate Ryan, with respect to the premises, the defendant's intestate owed them no greater duty than she owed the tenant. Meade v. Montrose, 173 Mo. App. 722. Even though the defendant's intestate failed to keep her promises to make repairs, this afforded the plaintiffs no right of action in tort against her. Murphy v. Dee, 190 Mo. App. 83, and cases cited; Dailey v. Vogl, 187 Mo. App. 261. Where the landlord undertakes to and does make repairs, he is not thereby rendered liable for injuries resulting from the fact that the repairs were not complete, but only for active and direct negligence in doing what he undertakes, if that negligence is the real cause of the injury. Wynne v. Haight, 50 N. Y. Supp. 187. (3) The only instruction given for the plaintiffs is erroneous because it does not embody all of the elements

of the statute with reference to the damages to be recovered, in that it omits to direct the jury to take into consideration the "mitigating or aggravating circumstances" attending the alleged "wrongful act, neglect or default" of the defendant. Instructions ignoring these portions of the statute have been repeatedly condemned. R. S. 1909, section 5427; Dalton v. St. Louis Smelting & Refining Co., 188 Mo. App. 529, 545, and cases cited; Owen v. Brockschmidt, 54 Mo. 285, 289. (4) The third instruction asked by the defendant at the close of the evidence and refused by the court should have been given. It was directed to evidence offered by the defendant and stated the law correctly as applied to this evidence, and defendant was entitled to have the benefit of this view of the evidence. Doan v. Railroad, 38 Mo. App. 408, 417.

*Holland, Rutledge & Lashly* for respondent.

REYNOLDS, P. J.—Action by the parents of Leo Glennon Ryan for damages for the death of their infant son Leo. It is averred that one Mary Ortgier was the owner of certain premises located in the city of St. Louis, which she had rented to Mrs. Kate Ryan, the mother of Mrs. Margaret Ryan, one of the plaintiffs. Visiting her mother, in company with her infant son Leo, then about eighteen months of age, the boy while playing with other children was going down the outside steps leading down from his grandmother's apartment to the granitoid pavement. When about three steps from the bottom, he stepped from that on to the second step and owing to some defect in the construction of that step, as it is charged, the little boy fell to the granitoid pavement, fractured his skull and was killed, dying the second day thereafter. The father and mother of the infant brought this action against Mrs. Ortgier, the landlord, to recover damages for this killing and death. After the institution of the action and before it was tried, Mary Ortgier died and her death being suggested to the circuit court, on petition of plaintiffs, and that

Albert Ortgier had been appointed administrator of her estate and should be made a party defendant, an order was entered requiring the administrator to show cause why the action should not be revived against him as such. The order to show cause appears to have been duly served and the cause revived against the administrator. No objection appears to have been made to this revivor by the administrator of Mrs. Ortgier. The defendant filed a demurrer to the petition; on what grounds does not appear. Thereafter the defendant, as administrator of Mrs. Ortgier, filed an answer generally denying the allegations of the petition and pleading the contributory negligence of plaintiffs in failing to watch and care for their infant son. Over the objection of defendant, the petition was amended at the trial by inserting the words, "and thereafter, during said tenancy and before said July 29, 1914," (the date of the accident).

A reply being filed, the cause went to trial and resulted in a verdict in favor of plaintiffs in the sum of $1950. Motions for a new trial and in arrests were filed and overruled and judgment entered on the verdict, defendant, as administrator, duly appealing.

At the close of the testimony in the case it appears that the defendant requested an instruction to the effect that plaintiffs could not recover. This was refused, defendant excepting.

When the cause was first submitted to us on the brief of the appellant, respondents then not having filed any brief, but having leave to do so, no point whatever was made in the assignment of errors or brief as to the legality of the action of the court in reviving the cause of action against the administrator of the deceased defendant. Our court, however, considering that the question of the right of revival against the deceased landlord was necessarily involved, although not raised by counsel, set aside the submission and ordered the cause set down for re-argument on that question, no such question having been suggested at the trial, or in the motions for a new trial, or in arrest, and in no

manner briefed or argued before us. Learned counsel for respondents has filed with us a paper, in which he very frankly confesses that on examination of the authorities which had been handed to him and opposing counsel by our court, he had found them conclusive against the right of revivor, and that he would not occupy the time of the court in attempting to show cause to the contrary. Counsel for appellant has since filed a brief on the question presented.

We are satisfied, on an examination of our statutes, and of the decisions of our courts, that this action cannot be maintained against the administrator of the deceased landlord. It is an action for damages ''resulting in death?'' It certainly did not survive to the administrator under the provisions of sections 105 and 106, Revised Statutes 1909, as our Supreme Court has held in decisions hereafter cited.

Section 105 provides:

''For all wrong done to property, rights or interest of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or after his death, by his executor or administrator, against such wrongdoer, and, after his death, against his executor or administrator, in the same manner and with like effect, in all respects, as actions founded upon contract.''

Section 106 provides:

''The preceding section shall not extend to actions for slander, libel, assault and battery or false imprisonment, nor to actions on the case for injuries to the person of the, plaintiff, or to the person of the testator or intestate of any executor or administrator.''

Nor did it survive under the provisions of section 5438, which reads:

''Causes of action upon which suit has been or may hereafter be brought by the injured party for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom

such cause of action shall have accrued; but in case of the death of either or both such parties, such cause of action shall survive to the personal representative of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representatives, and the liability and the measure of damages shall be the same as if such death or deaths had not occurred.''

This section first appeared in our statutes in 1907, the title of the Act being, ''An Act to provide for the survival of certain causes of action after the death of the parties.'' It was approved March 19, 1907 (see Acts 1907, p. 252). As will be noticed, that section specifically provides that the survival of causes of action to and against parties ''for personal injuries, *other than those resulting in death* (italics ours), whether such injuries be to the health or to the person of the injured party.''

Construing what was section 2865, Revised Statutes 1899, and now section 5426, Revised Statutes 1909, commonly called ''Lord Campbell's Act,'' which provides, ''Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured,'' as well as what are now sections 105 and 106, our Supreme Court held, in Bates v. Sylvester, Admr., 205 Mo. 493, 104 S. W. 73, that the cause of action did not survive, where death ensued, against the administrator of the party who was said to be liable in damages on account of the killing or death. [See to the same effect Elliott v. Elliott, 210 Mo. 576, l. c. 580 and following, 109 S. W. 627; Millar v. St. Louis Transit Company et al., 216 Mo. 99, l. c. 105 and following, 115 S. W. 521; Gilkeson, Admr. v. Missouri Pacific Ry. Co., 222 Mo. 173, 121 S.

W. 138; Stanley v. Vogel, 9 Mo. App. 98; Showen, Admr. v. Metropolitan St. Ry. Co., 164 Mo. App. 41, 148 S. W. 135; Greer, Admr. v. St. Louis, I. Mt. & S. Ry. Co., 173 Mo. App. 276, l. c. 284 and following 158 S. W. 740.]

It is true that in Kohnle v. Paxton, 268 Mo. 463, l. c. 471, 188 S. W. 144, a doubt is cast upon the soundness of the decision in Showen v. Metropolitan St. Ry. Co., supra, in the first paragraph of the opinion of the learned judge who wrote it, in Division No. 2 of the Supreme Court. But the other two judges of that Division, while concurring in the other paragraphs of the opinion, refuse to express an opinion on what is said in paragraph No. 1. Afterwards the Supreme Court, in Division No. 1, in Downs v. United Rys. Co., not yet officially reported, but see 184 S. W. 995, l. c. 998, in an opinion concurred in by all the judges of that division, cites the Showen Case with approval, also l. c. 997) citing Bates v. Sylvester, supra and Millar v. St. Louis Transit Company et al., supra.

Very clearly, section 5426, Revised Statutes 1909, does not apply in a case of this kind, as the original defendant here was not of the class covered by that section.

These are the principal statutes relating to the recovery of damages.

We accordingly hold that the cause of action here before us, being an action to recover damages "resulting in death," did not survive against the administrator of the deceased tort-feasor.

It follows that the judgment of the circuit court must be and it is reversed. *Allen* and *Becker, JJ.,* concur.