LEONA L. HENDRICKS ET AL., Appellants, v. F. E. KAUFFMAN ET AL.— 101 S. W. (2d) 84.

Division One, December 14, 1936.

*Irwin & Bushman, Harry L. Buchanan* and *Hutchison & Hutchison* for appellants.

*Clark, Boggs, Peterson & Becker* for respondents.

HAYS, J.—This is an appeal taken by the plaintiffs from a judgment of the Circuit Court of Phelps County sustaining defendants' motion in the nature of a plea in abatement *puis darrien continuance* and dismissing the cause.

Said motion, omitting caption, signatures, affidavit and jurat, is as follows:

"That this is an action of wrongful death instituted in the Circuit Court of Cole County on the 6th day of April, 1932, by the children of Charles F. Hendricks, deceased, against F. E. Kauffman, praying for damages, in the sum of ten thousand dollars. That thereafter the venue of said cause was changed to the Circuit Court of Maries County, where a trial was had on the 14th day of November, 1932, resulting in a verdict and judgment for the plaintiffs in the sum of four thousand dollars. That thereafter, the defendant, F. E. Kauffman, prosecuted an appeal to the Springfield Court of Appeals. That after submission of said cause in the Springfield Court of Appeals to-wit on the 5th day of May, 1933, the defendant, F. E. Kauffman, died. That thereafter the Springfield Court of Appeals reversed the judgment of the Circuit Court of Maries County and remanded the cause for a new trial. That the cause is now pending in this court on change of venue from Maries County applied for by and granted to the plaintiffs. That because of the death of the defendant, F. E. Kauffman, the cause of action of plaintiffs, if any, has abated and is no longer existent.

"Wherefore, in view of the premises M. K. Humble and Miles Hall, as administrators of the estate of F. E. Kauffman, deceased, pray the court to enter an order dismissing this action with prejudice and striking the same from the docket.".

The opinion of the Court of Appeals is reported in 66 S. W. (2d) 985. After the venue was changed, the original papers and files having been lost, the clerk of the Circuit Court of Maries County, in accordance with a stipulation between the parties, certified to the Circuit Court of Phelps County the abstract of record used in the case in the Court of Appeals, to be considered as the original files and papers.

The question for solution is whether or not an action for wrongful death, such as this, brought under the Damage Act (Secs. 3262, 3263 and 3264, R. S. 1929, Mo. Stat. Ann., p. 3353 et seq.) abates upon the death of the tortfeasor after suit brought. It is the position of the respondents that such cause of action abated at common law and that its abatement is not now saved by statute. Appellants'

78

position is that such an action does survive against the personal representatives of the deceased tortfeasor (a) under the common law; also (b) by virtue of Section 3280, Revised Statutes 1929; (c) that the motion to abate should not have been sustained because the question of abatement was not presented at the first opportunity, and (d) because respondents signed the stipulation to which reference has been made.

The appellants concede that at common law the general rule is that actions *ex delicto* abate upon the death of the wrongdoer, but they insist that this general rule does not apply where the actual wrong complained of is that of the defendant's agent, for which the principal is severally liable under the rule *respondeat superior*. [The petition charged that the father of the plaintiffs came to his death from being negligently knocked down and run over by a motor vehicle owned by defendant and operated by his agent, servant and employee.] In support of this point the appellants cite, among other authorities, Bartonshill Coal Co. v. Reid, 3 Macq. Sc. App. Cases 1. c. 283; Higgins v. Butcher, 1 Yelv. 89; White v. Spettique, 13 M. & W. 1. c. 605; 1 Hales, Pleas to the Crown, p. 473; Dayton v. Lyons, 30 Conn. 1. c. 354-355; Alridge v. Stout (Tex. Civ. App.), 36 S. W. (2d) 1. c. 1111-12. This point was not in the Texas case, nor was it essential to the decision in the Connecticut case. We are cited to no case in this or any other state, and our own research has disclosed none, in which this antiquated exception has been recognized or applied.

Furthermore, this is not a common-law action, but is one such as did not exist at common law; a new cause of action given by statute to named persons bearing a named relationship to the deceased and against designated persons, a cause of action which prior to the death of the injured person did not exist. [State ex rel. v. Daues, 314 Mo. 13, 283 S. W. 51.] In applying these statutes we apply such common-law principles and rules as we deem proper and advisable in the light of our precedents. In this State and in many others a cause of action for wrongful death, created by Damage Acts similar, as is ours, to Lord Campbell's Act (passed in 1846) does not survive to the estate or the personal representatives of the beneficiary. [1 Am. Jur., p. 96, sec. 139; Gibbs v. City of Hannibal, 82 Mo. 143; Gilkeson v. Mo. Pac. Ry. Co., 222 Mo. 173, 121 S. W. 138; Freie v. St. Louis-S. F. Ry. Co., 283 Mo. 457, 222 S. W. 824.] Nor does it survive against the personal representatives of the wrongdoer. [1 Am. Jur., p. 97, sec. 141; Bates v. Sylvester, 205 Mo. 493, 104 S. W. 73; Shippey v. Kansas City, 254 Mo. 1, 162 S. W. 137; Ryan v. Ortgier, 201 Mo. App. 1, 208 S. W. 865; 61 A. L. R. 830, reviewing decisions of many other jurisdictions.]

It is also urged by the appellants that Section 3280, supra, a survival statute, under a reasonable interpretation should be held

applicable to injuries resulting in death. By that section it is provided, in substance, that causes of action under which suit has or may hereafter be brought by the injured party for personal injuries, *other than those resulting in death,* shall not abate by reason of the death of the person injured, nor by reason of the death of the person against whom such cause of action shall have accrued; but such causes of action shall survive. This statute, as we view it, by very reason of the precision of its wording, is self-interpretive. It expressly excludes from the scope of its operation "personal injuries other than those resulting in death." Hence there is nothing about it to construe. Virtually we are asked to strike out this important and significant exception. This we have neither disposition nor right to do.

In the case of Bates v. Sylvester, supra, plaintiff's action was brought under Section 2865, Revised Statutes 1899 (3263, R. S. 1929) for the alleged killing of her husband by an employee of the defendant by negligently driving a horse and carriage belonging to said defendant over plaintiff's husband on April 11, 1903. After the suit was filed the cause was dismissed as to defendant's employee and codefendant. The defendant himself died; plaintiff suggested his death and sought to have the cause revived against his administrator. The court overruled the plaintiff's motion to revive the cause and ordered the same to be abated. The plaintiff appealed, and the sole appellate question was whether or not an action based upon the Damage Act survived against the administrator of the deceased defendant.

In the opinion (l. c. 497) reference was made to Higgins v. Breen, 9 Mo. 497, where it was pointed out that the Statute of 4th Edward III "only gave actions *to* executors, and not *against* them, for as against the person committing the injury, the action dies with him. [Chitty, 59; 1 Saunders, 217]" In the Bates case the court proceeded to demonstrate that the survival statute, enacted in 1835 (Secs. 98 and 99, R. S. 1929) expressly provided that the only causes of action for torts which should survive were those "for wrongs done to the property, rights or interests of another" with stated exceptions, and to hold that, in view of the state of the law when those statutes were enacted, it was the intention of the Legislature to provide for the survivor, by and against personal representatives, of actions for wrongs to property rights interests only, and that by this enactment, without more, "no action would lie based upon the death of a human being, and *no right of action for tort to the person would survive the death of either the wronged or the wrongdoer.*"

Having reached the conclusion that the action did not survive the death of the defendant, either under the common law or by reason of what is now Section 98, the court in the Bates case undertook to determine whether there was anything in what are now Sections

3262 and 3263 of the Damage Act providing that the action might survive the death of the defendant wrongdoer. Section 3262, in substance, creates and gives to named classes of kindred of any person who shall die from an injury resulting from or occasioned by the negligence, etc., of any officer, agent, etc., whilst running, conducting or managing any locomotive, car or train, etc., . . . a cause of action for the recovery of a specified sum against the corporation or individual in whose employ any such officer, agent, etc., shall be, or who owns such instrumentality, at the time of the injury is received. Section 3263 provides that whenever the death of a person shall be caused by a wrongful act, neglect or default of another . . . the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages notwithstanding the death of the person injured. In expounding these statutes the court made an observation (205 Mo. 1. c. 502) which, without effect upon the soundness of the court's conclusion, we give in paraphrase in order that the observation may be brought into harmony with the more recent case of State ex rel. v. Daues, supra: ''Thus it will be seen that these statutes give a distinct cause of action to named parties having a named relationship to the deceased; but made no provision whatever for the contingency of the death of the person who wrongfully caused the death, and no provision for the survivor of the action against the personal representatives of the wrongdoer. The Damage Act is complete in itself. Both sections named the person who shall be liable in such cases 'as the person who or corporation which would have been liable if death had not ensued.' ''

Very clearly, as it appears to us, the ''person who'' and the ''corporation which'' were intentionally put in the self-same category with their respective agents and employees with regard to equal primary liability for the active negligence of the latter, wholly independent of the common-law rule *respondeat superior* and therefore unaffected by it as regards the question of the survivor of the cause of action as presented in the case at bar. ''Wrongdoer,'' as used in our decisions, is generic, not specific.

Again, in Shippey v. Kansas City, supra, the plaintiff was injured (before what is now Section 3280 was enacted in 1907) by the falling of a billboard, owing to its rotten condition, which had stood alongside a public street, and had been erected and maintained upon land of defendants Hodge and Pratt by their lessee Hudson. Pending the suit, both Pratt and Hudson died. Pratt was a ''third or passive party'' in the sense of the question now before us. The court held that by reason of such deaths the cause as to Pratt and Hudson died with the person of the wrongdoers under the common law.

In Ryan v. Ortgier, 201 Mo. App. 1, a little boy fell upon defective

steps on premises where he was visiting the tenant-occupant. His parents brought suit against the owner of the premises. During the pendency of the action the defendant died. The plaintiffs were successful in reviving the action against the defendant's administrator, and on the trial gained a verdict. On appeal taken by the administrator, the Court of Appeals reversed the case. After quoting what are now Sections 98 and 99 and 3280, the court said (l. c. 6):

"As will be noticed, that section (3280) specifically provides that the survival of causes of action to and against parties 'for personal injuries, *other than those resulting in death.*' . . . Construing (the Damage Act), . . . as well as what are now (Sections 98 and 99), our Supreme Court held, in Bates v. Sylvester, Admr., 205 Mo. 493, 104 S. W. 73, that the cause of action did not survive, where death ensued, against the administrator of the party who was said to be liable in damages on account of the killing or death. [See to the same effect Elliott v. Kansas City, 210 Mo. 576, l. c. 580, and following, 109 S. W. 627; Millar v. St. Louis Transit Co. et al., 216 Mo. 99, l. c. 105, and following, 115 S. W. 521; Gilkeson, Admr., v. Mo. Pac. Ry. Co., 222 Mo. 173, 121 S. W. 138; Stanley v. Vogel, 9 Mo. App. 98; Showen, Admr., v. Metropolitan St. Ry. Co., 164 Mo. App. 41, 148 S. W. 135; Greer, Admr., v. St. Louis, I. Mt. & S. Ry. Co., 173 Mo. App. l. c. 284, and following, 158 S. W. 740; . . . Downs v. United Rys. Co. (Mo.), 184 S. W. 995, 998.]"

The order of revival made in the Court of Appeals, even if unopposed by counsel for the administrators, did not constitute a waiver on their part of their right to file a plea in abatement after the reversal of the judgment rendered for plaintiffs on the trial had. [Ryan v. Ortgier, supra, l. c. 4; Mundt v. Glokner, 44 N. Y. Supp. 430.]

However, the appellants urge that had the question of survival been raised in the Court of Appeals, that court had the power to require the administrators to stipulate against dismissal on account of the defendant's death; this, as a condition precedent to reversal and such condition would have been binding. The following authorities are cited in support of this point: Cox v. New York, C. & H. Railroad Co., 63 N. Y. l. c. 420; Griffith v. Williams, 1 Cromp. & Jer. 47; Palmer v. Cohen, 2 B. & Add. 966; Ames v. Webbers, 10 Wend. 575; 1 R. C. L. 21.

We do not consider those authorities in point. What the appellate court should do when a party dies pending an appeal depends upon the record in the particular case. Different considerations necessarily obtain as between appeals taken by the plaintiff and those taken by the defendant.

In an action for personal injuries prior to the enactment of Section 3280, and now in actions for wrongful death, wherein the judgment

is for the defendant, the death of the plaintiff pending his appeal abates the action. [Woehrlin v. Schaffer, 17 Mo. App. 442.]

This court has held (1875) in a suit for damages for injuries to the person, where the judgment was for plaintiff below and, pending the appeal in this court plaintiff died, his death did not abate the suit. By the recovery in the lifetime of the injured party, his claim for damages became merged in the judgment, which was suspended until final action by this court. [Lewis, Admr., v. St. L. & I. M. Railroad Co., 59 Mo. 495.]

When defendant, as here, dies pending an appeal from a judgment against him on a cause of action which does not survive, and before the reversal thereof, *the action will abate after such reversal,* although a new trial is granted, as was done here. [Green v. Kandle, 118 Pac. 90, 20 Idaho, 190; 1 C. J., p. 175, sec. 125, note 3; 1 C. J., p. 172, note 86. See, Irvine v. Gibson, 117 Ky. 206, 77 S. W. 1106, 111 Am. St. Rep. 251.]

We approve the rule as last above stated. Upon the remand of the present case it was as though it had never been tried. The administrators of Kauffman, deceased, were authorized under revival statute Section 1056, Revised Statutes 1929, to move for abatement in the court below, and hence in the venue to which the case was transferred, within the number of terms of court designated in the general revival statute in the General Code. This they did.

The venue, within the period just referred to, having been changed on the application of the plaintiffs, it is difficult to see any valid reason why the act of the administrators in stipulating that the abstract might be filed in order to supply matters contained in the lost files and papers should constitute a waiver. That merely obviated the necessity for repleading and enabled the court to rule such questions as might arise. The appellants suggest merely that the answer had never been withdrawn. Kauffman's answer had become *functus officio.* It does not appear that the administrators had filed an answer.

The cause was correctly decided below and the judgment is affirmed. All concur.