## A. A. LOGAN, Appellant, v. WABASH RAILROAD COMPANY, Respondent.

### Kansas City Court of Appeals, November 3, 1902.

1. **Damages: MITIGATING: DUTY OF INJURED PERSON.** One injured by the wrongful act of another must use reasonable diligence to protect himself and thereby prevent additional damages.

2. **————: ————: COMPENSATION.** An injured party who has been at expense or labor in preventing an increase of damages resulting from the wrongful act of another, is entitled to compensation for such service from the wrongdoer.

3. **————: LIABILITY: PROXIMATE CAUSE.** A wrongdoer is liable for all injury which is the natural and probable consequence of his misconduct, but if a new cause intervenes between the wrongful act and the injury, he is not liable.

4. **————: ————: ————: PERSONAL INJURY: RAILROAD FIRE.**

A railroad set fire in the field of the plaintiff who, in attempting to save his property, was surrounded by the flames and severely burned. *Held*, the setting out of the fire was not the proximate cause of plaintiff's injury, and he had no cause of action against the railroad.

Appeal from Schuyler Circuit Court.—*Hon. Nat M. Shelton,* Judge.

AFFIRMED.

*Smoot, Fogle & Eason* for appellant.

(1)    The duty was imposed by law upon the property-owner to extinguish the fire if he could reasonably do so. Thompson on Negligence (Late Edition), sec. 2327; Tilley v. Railroad, 49 Ark. 535; 6 S. W. 8; Railroad v. McKay, 69 Miss. 139; 12 So. 447; Hoyle v. Railroad, 28 Hun. 363; Douglas v. St. Johns, 18 Mo. 362; Railroad v. Miller, 48 N. E. 663; Railroad v. Bailey, 46 N. E. 688. (2) The owner in protecting his property is rendering a service to the defendant. Page v. Bucksport, 18 American 239; Ingalls v. Bills, 9 Metcalf, 1; Stover v. Bluehill, 51 Me. 439; Stickney v. Madstone, 3 Ver. 738; Ryter v. Starin, 73 N. Y. 601; 99 N. Y. 158. (3) There was no break in the chain of causation by the intervention of a reasonable human agency in this case. See note and authorities cited. 36 Am. St. Rep. 840; Evans v. Railway, 11 Mo. App. 463; Page v. Bucksport, 64 Me. 510; 18 Am. Rep. 239; Rexter v. Starin, 73 N. Y. App. 601; Lowery v. M. R. Co., 99 N. Y. 158; Dietrich v. Railway, 89 Mo. App. 36; Ward v. Railroad, 29 Wis. 144. (4) Plaintiff in this case, after having become involved in the fight with the fire and put in a dangerous position, will not be held to that high degree of diligence and judgment. Quingly v. Railroad, 144 Penn. 388; 24 Am. St. Rep. 504; Lowery v. Railroad, 99 N. Y. 158; 36 Am. St. Rep., and note at page 347; Sweeney v. Car Co., 150 Mo. 385; Thompson on Negligence (Late Edition), sec. 2328. (5) The question whether the plaintiff acted reasonably pru-

dent in his efforts to extinguish the fire and in his efforts to escape the danger, is a question for the jury to determine. Liming v. Railroad, 81 Iowa 246; Rexter v. Starin, 73 N. Y. App. 601. (6) It can not be said that the injury to plaintiff was not likely to occur from the negligence on the part of defendant in setting out the fire. Kellogg v. Railroad, 26 Wis. 223; Smith v. Railroad, 6 C. P. 21; Higgins v. Dewey, 107 Mass. 494; Miller v. Railroad, 90 Mo., 389.

*Geo. S. Grover* for respondent.

(1) The act of the plaintiff in attempting to put out the fire was the proximate cause of the injury here complained of, and not the act of defendant in permitting the fire to escape in the first instance. For that reason the plaintiff was not entitled to recover. Henry v. Railroad, 76 Mo. 288; Sira v. Railroad, 115 Mo. 127; Brown v. Railway, 20 Mo. App. 222; Hinchy v. Railway, 49 N. Y. Sup. Ct. 406; Cook v. Johnson, 58 Mich. 437; Seale v. Railway, 65 Texas 274; s. c., 57 Am. Rep. 602; Pike v. Railway, 39 Fed. Rep. 255; Ins. Co. v. Tweed, 7 Wallace (U. S.) 73; Fuch v. City, 67 S. W. 610; Roberts v. Tel. Co., 166 Mo. 370.

BROADDUS, J.—The plaintiff, Logan, was in charge of a farm belonging to his brother, in which he had an interest in the growing crops and stock thereon. In July, 1900, an engine operated on defendant's railroad, which passed through said farm, by escaping sparks set out a fire near some hay which had been severed from the land and which was partly in ricks. There was also some standing hay. The plaintiff with the aid of another man succeeded in saving some of the hay, but while so doing, he became surrounded by the flames, and in seeking to escape, fell and was severely burned. The court sustained a demurrer to plaintiff's case as thus made and directed a verdict for the defendant, upon which judgment was rendered, from which plaintiff appealed. There was

no controversy about the facts. The action is predi-
cated upon the negligent act of the defendant in com-
municating fire to the premises in question. Defendant
on the trial admitted the alleged negligence but denied
its liability except for losses to crops by reason of the
fire, but as they were not in issue, they have nothing to
do with the case.

The plaintiff bases his right to recover upon the
ground, that, after he had discovered the fire, it became
his duty, a duty which he owed the defendant at com-
mon law, to extinguish the fire if he could, so as to save
the defendant from loss, for which it would be respon-
sible to him for the destruction of his property. His
contention amounts to this, that, being in the perfor-
mance of a duty, which the law imposed, and while per-
forming that duty in the exercise of ordinary care, in
order to save the defendant, the wrongdoer, from loss
threatened from the consequences of its wrongful act
in setting out the fire, he is entitled to compensation for
the injuries received.

In Douglass v. Stephen, 18 Mo. 363, it was held
that in case of a tort, if an injured party can protect
himself from damage at a trifling expense, or by any
reasonable exertions, he is bound to do so. And the
rule is illustrated by supposable cases, viz.: Suppose
a man should enter his neighbor's field unlawfully and
leave the gate open; if before the owner knows it, cat-
tle enter and destroy the crop, the trespasser is re-
sponsible. But if the owner sees the gate open, and
passes it frequently, and willfully, and obstinately, or
through gross negligence, leaves it open and cattle get
in, it is his own folly. So if one throws a stone and
breaks a window, the cost of repairing the window is
the ordinary measure of damage. But if the owner
suffers the window to remain without repairing a great
length of time after notice of the fact, and his furniture
and pictures, and other valuable articles sustain dam-
age, or the rain beats in and rots the window, this dam-
age would be too remote." There is no denying the
soundness of this principle. It being conceded that it

became the duty of plaintiff to use every reasonable effort to extinguish the fire and prevent loss to the defendant, does it necessarily follow that, if while in so doing, he is damaged in his person, the defendant becomes liable therefor? It may be conceded that for his service in that respect, he would be entitled to a reasonable compensation, because he was performing a lawful duty, one which defendant had a right to expect he would perform, for it was in contemplation of law that he should do so.

The rule of law in this State is, that unless the damages complained of were properly attributable to the wrongful act, there can be no recovery. In other words, the wrongful act must be the proximate cause of the injury. Sira v. Railway, 115 Mo. 127; Henry v. Railway, 76 Mo. 288. In Brown v. Railway, 20 Mo. App. 223, it was held that "the wrongful act must be the efficient cause of the injury. There must also be such connection in the relation of the cause and the effect, that the influence of the wrongful act should predominate over other supervening causes, and combine with them to produce the result." Here the act of the plaintiff in attempting to extinguish the fire appears to have been the cause of plaintiff's injury and not the wrongful act of defendant in suffering fire to escape from its engine in the first instance. In contemplation of law, the defendant would, as has been said, be liable to him for a reasonable compensation for his services in that respect, but it does not necessarily follow that it became surety for his personal safety. So in the supposed case where a neighbor wrongfully left open a man's gate, it would be absurd to claim that if, while he was attempting to close it, he should be injured in some way, the wrongdoer would be responsible to him for damages for the injury. In Seale v. Railway, 65 Texas 274, it was held: "If one has violated a duty imposed upon him by the common law, he should be held to every person injured thereby, whose injury is the natural and probable consequence of his mis-

conduct; and this liability extends to such injuries as might reasonably have been anticipated under ordinary circumstances, as the natural and probable result of the wrongful act.'' But, "If subsequently to the original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote.'' A person, who is guilty of a wrongful act, is only responsible for the mischievous consequences, which may reasonably be expected under ordinary circumstances, from such misconduct. Atkinson v. Railway, K. C. App., not yet reported; Ins. Co. v. Tweed, 7 Wallace 44. Justice MILLER, in speaking of the authorities on the question, used the following language: "One of the most valued of the *criteria* furnished us by these authorities, is to ascertain whether any new cause has intervened between the fact accomplished and the alleged cause. If a new force or power has intervened, of itself sufficient to stand as the cause of the misfortune, the other must be considered as too remote.''

Applying these authorities to the facts of this case, it seems to us clear that the setting out of the fire by the defendant was not the proximate cause of plaintiff's injury. This injury was not such, as under ordinary circumstances, would reasonably be expected from the act charged; such for instance, if he had been asleep in the nighttime in his house, and his house had been set afire by sparks from the defendant's engine, and he had been thereby injured. In the latter instance, there would be no intervening agency, and the injury suffered would be reasonably expected under the circumstances. For the foregoing reasons, the action of the circuit court is affirmed. All concur.