A. W. GREER, Administrator of the Estate of BERRYL McGOWAN, Deceased, Respondent, v. ST. LOUIS, IRON MOUNTAIN and SOUTHERN RAILWAY COMPANY, a Corporation, Appellant.

Springfield Court of Appeals, July 28, 1913.

1. ACTIONS: Personal Injuries: Death Resulting: Abatement of Action at Common Law.  Under the common law and in the absence of statute, an action for personal injuries died with the person injured.

2. ———: Injury to Property: Death of Owner: Statutory Provisions.  An action for injuries to the person cannot be maintained under Sec. 105, R. S. 1909, which provides that an action for wrongs "done to property rights or interests" of another, for which an action might be maintained against the wrongdoer, may be brought, after the death of the person injured, by his executor or administrator.

3. PLEADING: Personal Injuries: Death of Injured Party: Administrator's Petition.  Sec. 5438, R. S. 1909, provides that

causes of action upon which suits have been brought by the injured party for personal injuries "other than those resulting in death," shall not abate by reason of his death, but shall survive to the personal representative of such injured party. Under said section an administrator, reviving a suit for personal injuries to a person then dead, failed in his amended petition to state that such injuries did not result in the death of the injured party. *Held*, that such omission rendered the petition fatally defective as not stating facts sufficient to constitute a cause of action.

4. ———: **Fatally Defective Petition: Objection to.** When a petition is so fatally defective and lacking in essential averments as that it fails to state a cause of action, that objection may be successfully raised at any time and in any manner. Should the litigants fail to raise same, the duty devolves upon the court to raise it *sua sponte*. And while an objection to the introduction of any evidence on the ground that the petition fails to state a cause of action is looked upon with disfavor, yet that method is sufficient as against a fatal defect, since no objection whatever is necessary to save such point.

5. **APPEAL AND ERROR: Petition: Fatally Defective: Objection in Appellate Court.** Defendant has a right to object for the first time in the appellate court that a petition does not state a cause of action.

6. **PLEADING: Indispensable Requirements: Cannot be Waived.** Although the appellate court will indulge every presumption in favor of the jurisdiction of the trial court and give liberal construction to the pleadings and allow amendments with a view to substantial justice, yet the requirement that the petition shall state a cause of action is indispensable and cannot be waived.

7. ———: **Statutory Requirements: Petition Examined.** In an action against a railroad company for personal injuries received by a child two years of age, which action was revived after the death of the child by the administrator, the petition is examined and reviewed and 'held to be fatally defective because of the omission of certain necessary averments essential to its validity under Sec. 5438, R. S. 1909.

8. ———: **Objections to: Failure to Raise: Estoppel.** A party who offers evidence, requests instructions and tries his case without objection that the pleadings do not raise pertinent issues, cannot afterwards raise this objection for the first time in the appellate court. This rule is a sort of quasi estoppel adopted and enforced to secure fairness and justice in the trial of cases, and is applied to answers and subsequent pleadings, if not exclusively, more often than to the petition.

9. ——: Petition: Fatally Defective: Objection to at Any Time: Estoppel. In an action for personal injuries to a child two years of age, begun by intestate before his death and prosecuted thereafter by the administrator, the petition failing to aver that the damages sought were "for injuries other than those resulting in death," as required by Sec. 5438, R. S. 1909, *held*, to be fatally defective. And although defendant failed to object at the trial to the sufficiency of the petition, introduced evidence with a view to showing that the injuries of the intestate were not as permanent and severe as contended by plaintiff and requested an instruction that the jury should not consider intestate's death and that the action was not one to recover for intestate's death, *held*, *further*, that defendant was not estopped by his position in the trial court from objecting to the defective petition at any stage of the action, it appearing that the defendant had not purposely misled the plaintiff in any way.

10. INSTRUCTIONS: Omitting Essential Issues: Error. In an action for personal injuries "other than those resulting in death," as provided by Sec. 5438, R. S. 1909, an instruction purporting to cover the entire case and authorizing a verdict for the plaintiff, which failed to require the jury to find that the injuries sued for did not result in the intestate's death, *held* erroneous.

11. PLEADINGS: Administrator's Appointment: Failure to Deny. Under a general denial and in the absence of a special traverse of the allegation that the plaintiff is the lawfully appointed administrator, such allegation will be taken as admitted.

12. RAILROADS: Fires on Right of Way: Common Law Liability. Where the evidence shows that defendant railroad company allowed a large amount of dry grass and dead weeds and vegetation to accumulate on its right of way, that a fire was communicated thereto by a passing locomotive which spread to an adjoining yard where a child was playing and severely burned the child, *held* that the railroad company was guilty of actionable negligence at common law.

13. ——: ——: Statutory Liability. Sec. 3150, R. S. 1909, intended to enforce more strictly the common law duty of the railroads by requiring them to cut and remove, or destroy, all dead and dry vegetation and undergrowth at specified times "for the purpose of preventing the spread of fire and the destruction of property" and making the company "liable for all damages done by said neglect of duty," is examined and *held* to render railroads liable for injuries to persons, as well as to property.

14. **CONTRIBUTORY NEGLIGENCE: Not Attributable to a Child.** Contributory negligence cannot be attributed to a child two years of age.

15. **NEGLIGENCE: Anticipating Results of: Meaning.** Although a party charged with negligence must be in a position to anticipate some bad effects as the result of his act, yet it does not follow that the particular act complained of should be contemplated or that the particular injury could be reasonably anticipated.

16. **RAILROADS: Fires on Right of Way: Injuries From: Proximate Cause.** Defendant railroad company neglected to keep its right of way clear of combustible material, as required by Sec. 3150, R. S. 1909, and a fire started from a passing locomotive and spread to an adjoining yard, severely burning and injuring a child two years of age. *Held*, that the defendant's negligence was the proximate cause of the injury.

Appeal from Butler County Circuit Court.—*Hon. J. C. Sheppard*, Judge.

REVERSED AND REMANDED.

*R. T. Railey* and *N. A. Mozley* for appellant.

(1) Sec. 3150, R. S. 1909, upon which respondent's cause of action is predicated, is designed solely for the protection of property from damage by fire and water and has no reference to personal injuries. Sec. 3150, R. S. 1909; Cox v. Railroad, 174 Mo. 588; Scott v. Railroad, 38 Mo. App. 527. (2) The injury complained of was not the proximate result of the alleged wrongful act charged against appellant. Logan v. Railroad, 96 Mo. App. 461; Gwyn v. Railroad, 155 Fed. (Tenn.) 88; Cole v. G. S. & L. Society, 124 Fed. (Utah) 113; Webb's Pollock on Torts (Enlarged Am. Ed.), p. 32; Saxton v. Railroad, 98 Mo. App. 494; Wilson v. Railroad, 129 Mo. App. 658; Ray's Negligence of Imposed Duties (Personal), pp. 133-4; Cooley on Torts, 68-71; 1 White on Personal Injuries, secs. 20-39; Railroad v. Long Admr., 117 S. W. (Ky.) 359-361; Atkinson v. Railroad, 90 Mo. App. 489; Railroad

v. Calhoun, 213 U. S. 1, 53 L. Ed. 674; Railroad v. Boyles, 33 S. W. (Tex.) 247; Davis v. Railroad, 33 L. R. A. 654; Robb v. Penn. Co., etc., 65 Am. St. Rep. 868, 186 Penn, 456; Railroad v. Trott, 25 S. W. 419-420; Ohl v. Bethlehem, 199 Penn. 588; Railroad v. Kellogg, 94 U. S. 469-474, 24 L. Ed. 256; Railroad v. Woolley, 77 Miss. 927; Hansen v. Gas Light Co., 82 Minn. 84; Railroad v. Charman, 161 Ind. 95; Enocks v. Railroad, 145 Ind. 635; Consolidated E. L. & P. Co. v. Koepp, 64 Kan. 735; Howlerson v. Railroad, 157 Mo. 216; Fuchs v. City of St. Louis, 167 Mo. 645-6; Holman v. Railroad, 62 Mo. 564; Henry v. Railroad, 76 Mo. 294. (3) An instruction cannot assume the existence of controverted facts. Curtis v. Briggs, 25 Mo. App. 179; Dulaney v. Sugar R. Co., 42 Mo. App. 662; Thompson v. Botts, 8 Mo. 710; Choquette v. Barada, 28 Mo. 491; Merritt v. Givens, 34 Mo. 98; Peck v. Ritchey, 66 Mo. 114; Dowling v. Allen, 88 Mo. 293. (4) Respondent's instruction No. 2 is erroneous in that it tells the jury that the failure of appellant to clean off, burn or remove the dead and dry vegetation and undergrowth on its right of way, adjacent to the McGowan premises, constituted negligence on its part upon which can be predicated this action for personal injuries. Such is not the law of this State. Sec. 3150, R. S. 1909; Cox v. Railroad, 174 Mo. 586; Scott v. Railroad, 38 Mo. App. 527. (5) An instruction can properly assume only admitted facts. Curtis v. Briggs, 25 Mo. App. 179; Dulaney v. Sugar R. Co., 42 Mo. App. 662. (6) Even if Alfred W. Greer was duly appointed administrator of the estate of Berryl McGowan, deceased, the first administrator, Charles H. McGowan, appropriated the cause of action by suing thereon at the January term 1912, of the Butler County Circuit Court, there being absolutely no proof that said Charles H. McGowan resigned as such administrator after instituting said action and, hence, no cause of action survived to said

Greer, Adm'r, v. Railroad.

Alfred W. Greer, as administrator, or in any other capacity. Paccard v. Railroad, 181 Mo. 421. (7) The question of proximate cause, where the facts of the accident are undisputed, is one for the court to determine. Henry v. Railroad, 76 Mo. 293.

*Abington & Phillips* for respondent.

(1) Defendant's permitting dead and dry vegetation to remain upon its right of way where it was likely to catch fire and damage adjacent property and menace the well-being of persons lawfully thereon, was negligence at common law. 33 Cyc, 1338, and cases cited. (2) Defendant was required by Sec. 3150, R. S. 1909, to cut down, burn up or otherwise remove the dead and dry vegetation and undergrowth upon its right of way where the same adjoined plaintiff's home, and its failure so to do was negligence *per se.* 29 Cyc, 436; Owens v. Railroad, 58 Mo. 386; Karle v. Railroad, 55 Mo. 476; Brannock v. Elmore, 114 Mo. 55; Schlerth v. Railroad, 96 Mo. 509; Schoenlou v. Friese, 14 Mo. App. 436. (3) The injury which Berryl McGowan received was the proximate result of defendant's negligence in permitting dead and dry vegetation and undergrowth to accumulate upon its right of way, and in causing the same to be set afire. Berg v. Railroad, 73 N. W. 648; Liming v. Railroad, 81 Iowa, 246, 47 N. W. 66; Raynowski v. Railroad, 74 Mich. 20, 41 N. W. 847; Raynowski v. Railroad, 78 Mich. 681; Glanz v. Railroad, 93 N. W. 575; McKenna v. Baessler, 86 Iowa, 197, 17 L. R. A. 310; Railroad v. Barnes, 28 N. E. 330. (4) Berryl McGowan was less than three years of age at the time of his injury and could not be guilty of contributory negligence. Fink v. Co., 82 Mo. 276. (5) Plaintiff's instruction No. 1 followed the petition and submitted no questions to the jury except such as were warranted by the evidence. (6) Appellant cannot attack plaintiff's

right to maintain this action for the first time in this court. If it desired to question plaintiff's right it should have done so by a proper plea in the lower court. Gross v. Watts, 206 Mo. 392.

STURGIS, J.—This suit was originally commenced in the circuit court of Butler County on August 16, 1911, by Berryl McGowan, a child about two years old, by his father as next friend, to recover for physical pain and mental anguish suffered by said Berryl resulting from burns received on account of the alleged negligence of defendant in failing to keep its right of way free from dead grass and weeds and other rubbish, so as to prevent the spread of fire communicated thereto by passing locomotives. The evidence showed that the front yard of this child's home adjoined the defendant's right of way, and that the child was burned on January 3, 1911, while in this front yard, by reason of a fire spreading thereto from the defendant's right of way, where it was started by a locomotive passing on defendant's railroad. Pending this action by the father as next friend, and on October 30, 1911, said Berryl McGowan died. His death having been suggested to the trial court, the cause was continued to the January term, 1912. In the meantime the child's father was appointed administrator of its estate and the cause was revived by such administrator filing his petition to the January term, 1912, of said court. The present plaintiff, who is the public administrator of Butler county, having succeeded the child's father as administrator of its estate, filed another petition at the same term of court. This petition alleges the bringing of the suit by Berryl McGowan, by his father as next friend, for personal injuries to himself; the death of said Berryl, pending said suit and before it was tried, but without stating whether such death was the result of the injuries sued for or from an independent cause; the appointment of the father as administrator, his

declining to act as such and the appointment of plaintiff as administrator of such estate.    It is then alleged as a cause of action that the defendant owned and operated a railroad running east from Poplar Bluff, Missouri, to Birds Point in this State; that the residence and yard of said Berryl McGowan, being the residence and yard of his father, is adjacent to and adjoining the defendant's right of way on the south side thereof; that on and prior to the fifth day of January, 1911, when the alleged injuries were inflicted, the defendant had carelessly and negligently failed to cut down or clean off of its right of way adjoining the said residence the dead and dry vegetation and undergrowth thereon; and had failed to comply with section 3150, Revised Statutes 1909, in cleaning off and burning up or removing the dead and dry vegetation from its right of way between the first and fifteenth days of August and the fifth and twenty-fifth days of October of the preceding year; that, as a consequence and while said Berryl McGowan was in his father's yard adjoining the said railroad, the defendant so negligently operated and ran one of its locomotive engines along said railroad that fire was communicated by the locomotive to the dead and dry vegetation on the railroad right of way, and that the fire spread therefrom into the yard of the child's father, and through no fault of his, set fire to and burned the child's clothing, "and that thus and thereby said Berryl was permanently injured, maimed and disfigured, in this, that his body, belly, sides, arms, hands and legs were burned, maimed and permanently injured, crippled and disfigured and that thus and thereby his health was permanently injured and impaired, and that by reason thereof said Berryl suffered until his death great physical pain and mental anguish." To this petition the defendant filed an answer amounting to a general denial.    A trial was had at the April term, 1912, resulting in a verdict and judgment in favor

of the plaintiff for $2500, from which this appeal is prosecuted.

It is well settled that this action cannot be maintained under section 105, Revised Statutes 1909, providing that an action for wrongs done to property rights or interests of another, for which an action might be maintained against the wrongdoer, may be brought after the death of the person injured by his executor or his administrator in the same manner and with like effect as an action founded upon contract. [Gilkeson v. Railroad, 222 Mo. 173, 186,121 S. W. 138; Elliott v. Kansas City, 210 Mo. 576, 580, 109 S. W. 627; Showen v. Railroad, 164 Mo. App. 41, 148 S. W. 135.

The only authority of plaintiff for maintaining this suit as administrator is based on section 5438, Revised Statutes 1909, which provides that causes of action upon which suits have been or may hereafter be brought by the injured party for personal injuries, "other than those resulting in death," shall not abate by reason of his death, but shall survive to the personal representative of such injured party, and the liability and measure of damages shall be the same as if such death had not occurred.

The defendant challenged the sufficiency of the petition in this case as not stating facts sufficient to constitute a cause of action by objecting to the introduction of any evidence on that ground. Such objection was renewed in the motion for new trial and is insisted on here. The particular ground of objection now urged is that the petition fails to allege that the injuries received by Berryl McGowan, and for which this action is prosecuted by his administrator, did not result in his death. That the petition does not contain an allegation to this effect we think is plain from a reading of the same; in fact, the latter part of the petition, above quoted, would suggest that the injuries complained of did result in the death of this child, rather than the contrary. The statute in question, which was first

enacted in 1907, providing that certain actions for personal injuries shall not abate by the death of the person injured as was the case at common law, but shall survive to the personal representative of the deceased, by its plain terms is applicable only to cases based on injuries "other than those resulting in death." This section was evidently made applicable to that class of cases only because statutes had already been enacted applicable to cases based on injuries resulting in death, and providing for their survival in a different manner. [Sections 5425 and 5426-7, R. S. 1909.] Under the common law and in the absence of a statute, an action for personal injuries died with the person injured and no such action survived to or in favor of anyone. [Millar v. Transit Co., 216 Mo. 99, 115 S. W. 521; Bates v. Sylvesterm, 205 Mo. 493, 104 S. W. 73.]

Under our statutes providing for the survival of such actions, it is essential both to allege and prove whether the injured party died as a result of the injuries sued for or from an independent cause, as this fact determines to whom and for whose benefit the cause of action survives, if at all. The statute now in question, section 5438, provides that if the injured party has already commenced his suit and dies, pending the same, from causes other than the injuries sued for, then the suit survives to his personal representative. If he should die as a result of the injuries sued for, then we must look to sections 5425 and 5426-7 to find to whom and for whose benefit the cause of action survives. When, as in this case, the personal representative undertakes to state a cause of action surviving to him as such for personal injuries to a person then dead, he must state that the injuries for which he is suing did not result in the death of the injured party; for on that depends his very right to maintain any such action. In this, or any similar statutory proceedings to recover for injuries to a deceased person, the party suing must bring himself within the terms of the statute

giving him the right to sue; and, where he can sue only for injuries not resulting in death, then the absence of an allegation to that effect in the petition renders the same fatally defective and not stating facts sufficient to constitute a cause of action. Such is the repeated rulings of this and other courts. [Showen v. Railroad, 164 Mo. App. 41, 148 S. W. 135; Barker v. Railroad, 91 Mo. 86, 91, 14 S. W. 280; Mathieson v. Railroad, 219 Mo. 542, 548, 118 S. W. 9; Hegberg v. Railroad, 164 Mo. App. 514, 563, 147 S. W. 192; Dulaney v. Railroad, 21 Mo. App. 597.]

In Mathieson v. Railroad, supra, the court said: "Where the right of the plaintiff to recover depends upon conditions stated in the same section of the statute which gives the right of action, then the petition must allege the performance of those conditions or requirements, otherwise it will state no cause of action. [McIntosh v. Railroad, 103 Mo. 131]"

In Barker v. Railroad, supra, the court said: "In statutory actions of this sort, the party suing must bring himself strictly within the statutory requirements, necessary to confer the right, and this must appear in his petition; otherwise, it shows no cause of action."

The case of Showen v. Railroad, supra, is directly in point and deals with this same statute, and holds that a petition, in all respects similar to the one in this case, does not state a cause of action and is fatally defective. In stating a cause of action for injuries inflicted on this deceased child, it is just as essential for his personal representative to allege that the injuries inflicted did not result in his death as it is to allege that the child was injured or that the injuries resulted from defendant's negligence. There can be no doubt but that the petition in this case is fatally defective in this respect.

It is also an unquestioned proposition of law that where a petition is so fatally defective and lacking in

essential averments as to fail to state any cause of action, then this objection may be successfully raised at any time and in any manner, and if not raised at some time or in some manner by the parties litigant, then the duty devolves on the court to raise it *sua sponte;* and, while it is true that an objection to the introduction of any evidence on the ground that the petition fails to state a cause of action is looked upon with disfavor by all the courts, yet, as no objection whatever is necessary to save this point, even that method of objection is sufficient as against such a fatal defect.   In McGrew v. Railroad, 230 Mo. 496, 511, 132 S. W. 1076, the court said: "Defendant has the right to object for the first time in the appellate court that the petition does not state a cause of action; and it matters not what the ground of objection may be, provided only that it be good and sufficient in law."   Citing many cases to this effect.

In Hegberg v. Railroad, 164 Mo. App. 514, 565, 147 S. W. 192, the court said: "While the appellate court will indulge every presumption in favor of the jurisdiction of the trial court and give a liberal construction to the pleadings with a view to substantial justice, yet the requirement that the petition shall state a cause of action is indispensable and cannot be waived. A petition that does not state a cause of action is always open to review, at every stage of the case, at any time in any court, whether raised by demurrer or not. [Hudson v. Cahoon, 193 Mo. l. c. 558, 91 S. W. 72; Hanson v. Neal, 215 Mo. l. c. 278, 114 S. W. 1073.]"

In McIntosh v. Railroad, 103 Mo. 131, 15 S. W. 80, it will be found that the court held sufficient an objection made at the opening of the trial to any evidence being introduced on the ground that the petition failed to state a cause of action.   In fact, the question of waiver on the part of the defendant is not applied to the sufficiency of the petition to state a cause of action. [Epperson v. Telegraph Co., 155 Mo. 346, 352, 50 S. W.

795; Hoffman v. McCracken, 168 Mo. 337, 343, 67 S. W. 568; Roberts v. Lead Co., 95 Mo. App. 581, 595, 69 S. W. 630; State v. Bacon, 24 Mo. App. 403, 406; Bank v. McMenamy, 35 Mo. App. 198; Staley Furnishing Co. v. Wallace, 21 Mo. App. 128.]

As we understand, learned counsel for plaintiff in effect concedes that the fact that the injuries sued for did not result in the death of the deceased is an essential averment of a good petition in the present case; but it is urged that the petition should be liberally construed and when so construed the averments are such as to be equivalent to an averment of this fact. In support of this we are cited to such cases as Wyler v. Ratican, 150 Mo. App. 474, 478, 131 S. W. 155; and Baird v. Railroad, 146 Mo. 265, 279, 48 S. W. 78.

We have read the petition herein diligently to see if there is any such necessary inference to be drawn from the facts stated, but cannot so conclude. It is said that the fact that plaintiff only sues for $7500, instead of $10,000, as permitted under section 5426 where the injury results in death, shows this intent, but this is only so by supposing that the plaintiff would necessarily sue for the largest amount recoverable in such a case. Nor does the allegation as to the injuries being permanent, and that deceased suffered great physical pain and mental anguish until his death reasonably exclude the idea that such injuries resulted in his death. In fact, the severity of the injuries, as set out in the petition, would lead one to believe that they did cause the death, especially in the absence of any other cause or averment relative thereto.

It is argued with much learning, and this presents the most difficult question in the case, that defendant by the position it assumed in the trial court, the evidence offered by it and instructions given at its request, tried the case, without objection, on the theory that the injuries sued for did not cause the death of Berryl McGowan; and, in consequence, that defendant

will not now be heard to raise the objection for the first time in specific form in this court, that the petition is fatally defective for lack of this averment. This is a sort of quasi estoppel often adopted and enforced by the courts to secure fairness and justice in the trial of cases, and is applied to answers and subsequent pleadings, if not exclusively, then much more often than to the petition, as is shown by the cases cited by plaintiff. [Dolan v. Insurance Co., 88 Mo. App. 666, 675; Price v. Hallett, 138 Mo. 561, 573, 38 S. W. 451; Phillips v. Stewart, 87 Mo. App. 486; Hayes v. Bunch, 91 Mo. App. 467, 470; Rigsby v. Supply Co., 115 Mo. App. 297, 91 S. W. 460; McIntyre v. Insurance Co., 142 Mo. App. 256, 126 S. W. 227; Rivers v. Blom, 163 Mo. 442, 63 S. W. 812.]

In this, as in all questions of estoppel, we think the underlying principle is that the one party has caused or induced the other to do or refrain from doing something that will result to his injury, provided the first party is allowed to tread back and trip up the heels of his adversary. Even if this doctrine can be allowed to counteract the proposition that the failure of the petition to state a cause of action can no more be waived than jurisdiction over the subject-matter (Epperson v. Telegraph Co., 155 Mo. 346, 352, 50 S. W. 795, 55 S. W. 1050; Roberts v. Lead Co., 95 Mo. App. 581, 596, 69 S. W. 630), we do not think the defendant can be held to have done anything in this case totally inconsistent with his present position. We think it is very probable that neither party to this case discovered the fatal error in the petition until after the trial, and that they were and are on an exact equality in this respect. It is true that defendant cross-examined plaintiff's witnesses with a view to showing that the deceased child's injuries were not as severe or necessarily permanent or painful as plaintiff contended and put in the evidence of one witness on

173 Mo. App. 19

its own behalf to show this result. The defendant also asked and induced the court to give this instruction: "The court instructs you gentlemen that this is not an action to recover for the death of Berryl McGowan, and in making up your verdict you will not take into consideration that said Berryl McGowan is dead." This instruction is one going to the measure of damages and does not deal with defendant's liability. At no time did the defendant, so far as its liability is concerned, take the position one way or the other as to whether the injuries sued for did or did not result in death. All that defendant did was consistent with its attitude in trying to reduce the amount of damages to the lowest amount; and, if, as plaintiff claims and we think correctly so, the defendant did not during the trial discover that the petition was fatally defective, and that this point was an afterthought, then this evidence must have been offered and the instruction asked for no other purpose than to reduce the amount of damages. At least it cannot be said that defendant purposely misled its adversary and is now trying to tread back and trip him up. It is probably true that, if defendant had made this specific objection and pointed out the defect in the petition, plaintiff would have profited by the defendant's erudition and amended the petition; but it certainly was no more the duty of the defendant than of the plaintiff to know how to draw a good petition under this statute, and so "Where ignorance is bliss, 'tis folly to be wise." The fact remains that defendant has a right to raise and insist on this point at any time and at any stage of the proceedings. [Childs v. Railroad, 117 Mo. 414, 427, 23 S. W. 373. We must, therefore, hold that the petition failed to state a cause of action and that the case must be reversed and remanded for this reason.

In view of another trial it should be pointed out that plaintiff's first instruction purporting to cover the entire case and authorizing a verdict for the plaintiff

on the conditions stated, is also erroneous in failing to require the jury to find that the injuries sued for did not result in the child's death.

Error is also assigned on the ground that plaintiff has not shown any right to maintain this suit as administrator by competent evidence of his appointment and qualification as such. The answer does not specifically put this matter in issue and the rule is that, under a general denial and in the absence of a special traverse of the allegation that the plaintiff is the lawfully appointed administrator, such allegation will be taken as admitted. [Baxter v. Transit Co., 198 Mo. 1, 95 S. W. 856; Gross v. Watts, 206 Mo. 373, 392, 104 S. W. 30.]

The evidence clearly shows that the defendant had allowed a large amount of dead and dry grass, weeds and vegetation to remain and accumulate on its right of way and that a passing locomotive set fire to this and the fire spread to the yard where the child had gone to play and that it was thereby severely burned. This shows actionable negligence at common law. [33 Cyc. 1338, and cases cited.] The evidence also shows a clear violation of the provisions of section 3150, Revised Statutes 1909, intended to more strictly enforce this common law duty of the railroads by requiring them to cut and remove, or destroy, all such dead and dry vegetation and undergrowth at specific intervals "for the purpose of preventing the spread of fire and the destruction of property," and providing a penalty and making the offending company "liable for all damages done by said neglect of duty." The chief contention of defendant at the trial was that this statute was intended to and does protect property only, and that its violation does not render the defendant liable for injuries to a person. We are not impressed with this argument. The defendant concedes that if it had been some inanimate property or live stock lying or feeding in the grass and burned as this child was, that the defendant would be liable. It cannot be presumed that

the family of McGowan would not use the yard surrounding the house for the usual and ordinary purposes for which such premises are intended, and that the family would confine themselves within the walls of the building occupied as their home. The family had a right to use and occupy and enjoy the grounds surrounding the house, and the child would naturally wander outside of the building. The child was not a trespasser. It was lawfully at the place where it was burned. It was not capable of intelligent action any more than an animal or inanimate object. Contributory negligence could not have been attributed to it. While it is true that in the case of Cox v. Railroad, 174 Mo. 588, 74 S. W. 854, and Scott v. Railroad, 38 Mo. App. 523, 527, the court spoke of this statute as being intended for the protection of property, yet such cases are far from holding that it is not also intended to cover cases of personal injury. That a violation of this duty to keep the right of way clean of combustible mater'al imposed on railroads both by common law and statute, renders the defendant liable for injuries to persons as well as property is held inferentially, at least, in Berg v. Great Northern Railroad, 73 N. W. (Minn.) 648; Glanz v. Railroad, 93 N. W. (Iowa) 575; Gulf Railroad v. Johnson, 51 S. W. (Texas App.) 531; Birmingham Power Co. v. Hinton, 37 So. (Ala.) 635. In Logan v. Wabash Ry. Co., 96 Mo. App. 461, 70 S. W. 734, the court clearly assumed, if it did not so hold, that a railroad is liable for personal injuries caused by this kind of negligence, provided the defendant's negligence was the proximate cause of the injury.

This question will now be considered. Defendant contends that its failure to keep its right of way clear of combustible vegetation and the communication of fire thereto and its spread to the McGowan yard is not the proximate cause of the injuries to this child. It is urged that the child of its own volition wandered round into the flames; that the injury could not reasonably

have been anticipated; that an agency not within the reasonable contemplation of the defendant intervened to bring about the injury; that this is an unusual occurrence and one not likely to happen; that it was not according to the usual and ordinary course of events; and that defendant can only be held for the probable consequences of an act and such as might have been foreseen by a man of ordinary prudence. While it is true that a party charged with negligence must be in a position to anticipate some bad effects as the result of his act, it does not follow that the particular act complained of should be contemplated or that the particular injury could reasonably be anticipated. [Phillips v. Railroad, 211 Mo. 419, 442, 111 S. W. 109; Schaaf v. Basket & Box Co., 151 Mo. App. 35, 48, 131 S. W. 936; same case, 160 Mo. App. 598, 140 S. W. 1197.]

The appellant lays great stress on the case of Logan v. Wabash Railroad, 96 Mo. App. 461, 70 S. W. 734, wherein it is held that where a fire broke out in a hayfield as the result of the admitted negligence of the railroad company and the owner of hay stacked in the field attempted to prevent the spread of the fire and was burned, the setting out of the fire by defendant was not the proximate cause of plaintiff's injury. This case seems to be in conflict with Berg v. Railroad, 73 N. W. 638, decided by the Supreme Court of Minnesota, and also Glanz v. Railroad, 93 N. W. 575, decided by the Supreme Court of Iowa. However that may be, the Logan case, supra, is clearly distinguishable from the present case. In the Logan case the plaintiff was in a place of safety, and, being of mature years, it was his voluntary act in placing himself in danger in order to protect his property. It was this voluntary act of his in going to the fire and attempting to extinguish it that the court held to be the proximate cause of his injury, rather than the setting out of the fire by the railroad; but the court in that case, as if to distinguish that case from this case, said: "This injury was not

State to use v. Freeman.

such, as under ordinary circumstances, would reasonably be expected from the act charged; such for instance, if he had been asleep in the nighttime in his house, and his house had been set afire by sparks from the defendant's engine, and he had been thereby injured. In the latter instance, there would be no intervening agency, and the injury suffered would be reasonably expected under the circumstances." In the present case the child injured was either playing in the grass at the time the fire overtook it, or, unwittingly and innocently, went into the fire, being attracted thereto. In either case it was equally blameless and free from any volition. This contention is therefore ruled against the defendant.

Some criticism is made of instructions given for the plaintiff, which we have examined and find the same not tenable.

Other errors are complained of, such as improper remarks made to the jury in argument, and that the verdict is excessive. It is obvious that these matters need not be directly ruled on at this time, although we find no merit in the contentions.

*Farrington, J.*, concurs. *Robertson, P. J.*, dissents.