GIBBS, *Administrator, Appellant,* v. THE CITY OF HANNIBAL.

1. **Damages, who may sue for.** The only persons who are authorized to sue for the damages allowed by Revised Statutes 1879, sections 2121, 2122, 2123, (Wag. Stat., pp. 519, 520, §§ 2, 3, 4,) are the husband or wife or minor children, or the father and mother, or either of them where the other is dead, in case the deceased be an unmarried minor. Where all these beneficiaries perish in the same disaster, there is no person left to whom the action survives.

2. **Damages:** PROPERTY. Revised Statutes 1879, sections 2121, 2122, 2123, have no reference to injuries or damages to the property of the deceased.

*Appeal from Ralls Circuit Court.*—HON. JOHN T. REDD, Judge.

AFFIRMED.

*Thomas H. Bacon* for appellant.

(1) The Missouri statute of survivorship of actions, and the damage act of Missouri were imported from New York. *Nagel v. Murdock,* 75 Mo. 666. (2) The widow's cause of action is not for a personal tort. *Quinn v. Moore,* 15 N. Y. 432. It will survive her and she can assign the claim. *Byxbie v. Wood,* 24 N. Y. 606. The action appeals to no common law right, and rests upon no common law principle. *Whitford v. Panama,* 23 N. Y. 465. The damage act makes the life of the deceased statutory property. *Yertore v. Wiswall,* 16 How. (N. Y.) 12, 13. Compare *Stafford v. Drew,* 3 Duer 627. (3) The gravamen of the action for the husband's death is the injury to his person, for which

he might, while living, recover damages. *Proctor v. Railroad Co.*, 64 Mo. 112; *White v. Maxey*, 64 Mo. 552; *Elliott v. St. Louis*, 67 Mo. 272. This cause of action, outliving the husband, becomes *eo instanti* vested in the widow, by whose death it never could and never did abate. *Cowen v. Moore*, 31 Mo. 574; *Kennedy v. Burrier*, 36 Mo. 130; Sedgwick on Dam., (6 Ed.) p. 698; *Railroad Co. v. Barron*, 5 Wall. 90; *Doedt v. Wiswall*, 15 How. Pr. 128. (4) The cause of action under section 3 of the damage act is not elemental but composite, and one of its factors is " the necessary injury resulting from the death," and such injury may be to proprietary rights so as to cause pecuniary damage. *Owen v. Brockschmidt*, 54 Mo. 285; *Murphy v. New York*, 88 N. Y. 445. And the jury may look at matters of aggravation, if any such there be. *Morgan v. Durfee*, 69 Mo. 418; *Joice v. Branson*, 73 Mo. 29; *Nagel v. Missouri, etc.*, 75 Mo. 666. And causes of action for such injuries to proprietary rights survive to the administrator. Wag. Stat., p. 87, §§ 29, 30. (5) The pecuniary impairment of a widowed mother's estate by the funeral expenses, (*Pack v. Morgan*, 3 Comst. (N. Y.) 489,) of her child killed by another's negligence, did always create, under the territorial law of 1816, (1 Terr. Laws, 436; Wag. Stat. 1872, p. 886, § 1,) importing English statutes (4 Edw'd III, C. 7) and decisions up to 1607, (Owen 99, Latch 167, 168,) a cause of action surviving to the administrator, (*Chamberlain v. Williamson*, 2 M. & Sel. 408, 416,) and if under the damage act of 1855, (R. C. 1855, p. 648; Wag. Stat. 1872, p. 520,) a cause of action therefor cannot be shown, the averment of such special and pecuniary damage to estate is nevertheless good as the gravamen of a suit by the administrator for such special damage, including matters in aggravation maintainable under either the said enactment importing the English statutes and construction, (Wag. Stat. 1872, p. 886, § 1,) or the survivorship statute of 1835, (R. C. 1835, p. 48, § 24; Wag. Stat 1872, p. 87, § 29,) and if under the circumstances a cause of action cannot exist in the administrator

by virtue of the posthumous damage act, the petition is good as showing a cause of action under the general law, (*Comings v. Hannibal*, 49 Mo. 512, p. 517; *Garner v. Hannibal*, 34 Mo. 235, p. 240; *Altantic v. Freeman*, 61 Mo. 80; *Hewitt v. Harvey*, 46 Mo. 368; *Northcraft v. Martin*, 28 Mo. 469; *Easly v. Prewitt*, 37 Mo. 361,) that is to say it is "such action," (Wag. Stat. 1872, p. 87, § 29,) as might " be brought by the person injured " (*Ib.*) " for wrongs done to the property, rights or interest of " (*Ib.*) herself. (6) As to the person injured, the cases of instantaneous death are within the statute perpetuating the cause of action. Shearman & Redfield on Neg., (3 Ed.) p. 368, § 300. (7) The question of survivorship in case of loss of life by common calamity, does not arise on the record as the averments establish an interval of time between the deaths of the husband and children on the one hand, and the death of the widow on the other hand. But survivorship without appreciable interval is recognized by the civil law, (Kent Com., (11 Ed.) vol. 2, pt. 5; Lect. 37, p. 563, side 535,) and the colonial civil law of Missouri has not been abrogated. (*Moreau v. Detchemendy,* 18 Mo. 522.) The common law, so far as it existed, was simply made paramount; and as on such subject the common law is silent, the colonial civil law prevails. (*Lindell v. McNair*, 4 Mo. 380, pp. 383, 384. Compare *Miller v. Dunn*, 216, p. 220.) And such law is the subject of judicial notice. *Ott v: Soulard*, 7 Mo. 573; *Chouteau v. Pierre*, 9 Mo. 3. The widow's interest was property, (Wag. Stat. 1872, p. 888, § 6, last clause,) and, therefore, it survived.

*W. C. Foreman, B. F. McPherson* and *W. H. Russell,* City Attorney, for respondent.

(1) The petition is not good under the damage act, under which it was evidently brought, the beneficiaries being specially mentioned in the act, who alone are authorized to sue. R. S. 1879, §§ 2121, 2122, 2123. (2) The whole family, constituting all the beneficiaries under the

act, having perished together, no action can be maintained for want of a beneficiary. Cooley on Torts, (1 Ed.) 267, 269. (3) In actions under this act where the petition shows at most only nominal damages, it will not be sustained, it only being intended to benefit actual sufferers. Cooley on Torts, (1 Ed.) p. 270. The petition in this case cannot be sustained under section 96, chapter 5, Revised Statutes, because : 1st, All actions for damages growing out of death by negligence, must be brought under the damage act, which was passed long subsequent to said section, and which specifically points out the beneficiaries and confers upon them alone the right to sue ; 2nd, So far as rights of action growing out of loss sustained by death caused by negligence, the section is only declarative of the common law, at which no action could be sustained where the death is instantaneous. Cooley on Torts, pp. 262, 263 ; 3rd, The petition does not specifically declare upon any loss of service or wages, or lessening of personal property of plaintiff's intestate, which is necessary under the section, and without averring which it is bad. Addison on Torts, (4 Eng. Ed.) p. 1090 ; *James v. Christy*, 18 Mo. 162 ; *Higgins v. Breen*, 9 Mo. 497. The special damages set up in the petition did not occur during the life of plaintiff's intestate, and are not even specious. (4) The plaintiff's intestate outside of the provisions of the damage act, could have no right of action for loss of service or *solatium* of husband and children. Schouler on Dom. Rel., (1 Ed.) pp. 110, 348; 2 Kent Com., p. 182 ; 1 Bl. Com., p. 453. The death of husband and children being instantaneous, no right of action at common law could arise. Cooley on Torts, pp. 262, 263. (5) Plaintiff's intestate's death followed immediately after that of her husband and children, no loss could occur to her under said section 96. *James v. Christy*, 18 Mo. 162.

RAY, J.—On June 27th, 1877, George L. Crosby with his wife and their two infant children, in a vehicle crossing a bridge over a stream on a public street in the city of

Hannibal, was precipitated into the stream by a fall of the bridge, alleged to have been caused by the negligence of the defendant. By reason of this casualty the family perished. It is sought to be alleged that Mrs. Crosby survived her husband and two children, and that while so surviving a cause of action vested in her for the death of her husband, and that a cause of action vested in her for the death of each of her said two children. On December, 24th, 1877, her administrator, this plaintiff, sued defendant on each of said three causes of action. There are three counts. The first for the death of the husband, George L. Crosby; the second for the death of the female child, Mattie Q. M. Crosby, and the third for the death of the male child, Ray Crosby. The action was brought in the Hannibal court of common pleas. A change of venue was then taken to the Ralls circuit court, where the case was tried.

It is not necessary, we think, to set out the amended petition, which is very lengthy, in order to present what we regard as the controlling questions in the case. The suit is brought by the administrator of the wife to recover for the death of her husband and two minor children, and, also, for special damages to property, and burial expenses alleged as resulting therefrom, occasioned by the wrongful act, neglect and default of the city of Hannibal in negligently constructing and maintaining a bridge over a certain water course in said city. The defendant filed a general demurrer to the petition for the reason that it did not state facts sufficient to constitute a cause of action which was sustained by the circuit court and upon refusal of plaintiff to amend judgment was entered thereon for the defendant, and the case appealed to this court. The propriety of this ruling is the only question before us.

The petition, we take it by any fair construction, is based upon sections 2121, 2122 and 2123 of the revision of 1879, or, as it is popularly called, the damage act. The two leading questions presented by the demurrer are first: The right of the plaintiff to maintain the action. Second,

the right in this action to recover for damages to property alleged to have been occasioned by the falling of the bridge, and the death of the husband consequent thereon. In the case of *Proctor v. H. & St. J. R. R. Co.*, 64 Mo. pp. 119, 120, this court speaking of sections 2, 3 and 4 as then numbered in the damage act, 1 Wag. Stat., pp. 519, 520, and, which correspond with sections 2121, 2122 and 2123 of the revision of 1879, uses this language; "It is conceded by all that the third section of the act was only designed to transmit a right of action, which but for the section would have ceased to exist, or would have died with the person; in other words, that under section three whenever a person dies from such wrongful act of another as would have entiled the person to sue had he lived, such cause of action may be maintained by certain representatives of the deceased, notwithstanding the death of the party receiving the injury. It creates no new cause of action but simply continues or transmits the right to sue, which the party whose death is occasioned would have had, had he lived. It is not only a right transmitted, but it is restricted by limitations as to the persons who are to enjoy the right, the time within which it is to be enjoyed, and the amount of damages to be recovered. Section 4 provides that all damages accruing under section 3 shall be recovered by the same parties, and in the same manner as is provided in section 2, and in every such action the jury may give damages not exceeding $5,000. This section in connection with section 2 designates the parties to whom this right is transmitted, and also the time within which it is to be exercised."

In *McNamara v. Slavens*, 76 Mo. 330, 331, this court treating of the same subject uses this language: "Neither the husband, nor wife, nor children, had at common law, an action for the death of the husband, or wife, or parent, under the circumstances mentioned in sections 2121, 2122. It is a cause of action created by the statute, and no one can sue unless he bring himself within its terms." Section 2123 provides that all damages accruing under section 2122

shall be sued for and recovered by the parties named in section 2121, that is, first by the husband or wife of the deceased, or second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or, third, if such deceased be a minor and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment, or if either of them be dead then by the survivor. These are the only beneficiaries who can maintain such an action. If in any case there be no such person, no suit can be brought by any other person. By the statute the action survives only to the parties named. They alone are the beneficiaries of the statute and it was never intended that such action should survive to the executor or administrator of any one of the beneficiaries named. It is a right personal to the beneficiary, and does not survive to his personal representatives. In the case at bar all the beneficiaries within the purview of the statute perished together in one common disaster and there was no person left to whom the action could survive. It follows that this action cannot be maintained by the present plaintiff who is the administrator of the wife. Under the statute he has no standing in court.

As to the other question, we think it quite manifest that the damage act, or sections 2122, 2123, *supra*, have no reference to injuries or damages to property of the deceased, but only to personal injuries and such as the injured party, if living, might have recovered and such as the jury may deem fair and just with reference to the injury necessarily resulting to such survivor from such death. Injury or damage to property, as such, is not within the contemplation of the damage act and, consequently, no recovery can be had in such an action for such injury or damage. Section 96 of the administration law has reference exclusively to wrongs done to the property rights or interest of another and by section 97 of same law do not extend to actions for slander, libel, assault and battery, or

false imprisonment, nor to actions on the case for injuries done to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator. If any injury or damage was occasioned to the property of the husband in this case by the fall of the bridge occasioned by the negligence of the defendant corporation, the action therefor, if any, by operation of section 96 of the administration law, *supra*, survived to the administrator of the husband, if to anybody, and not to that of the wife. Such is the express import of section 96, *supra.* That section does not contemplate the injuries and damages, or the actions provided for by the damage act.

The latter survives by special statute, contrary to the common law and only to the parties or beneficiaries named in the special statute. Various other questions have been discussed and numerous cases cited, but we deem them unnecessary to the disposition of the case.

It follows, therefore, that there was no error in the ruling of the circuit court in sustaining the demurrer of defendant, and its judgment is, therefore, affirmed. All concur.