(26 App. Div. 123.)

## MUNDT v. GLOCKNER.

(Supreme Court, Appellate Division, First Department.    February 11, 1898.)

1. APPEAL TO COURT OF APPEALS—NOVEL QUESTION.
    In an action under Code Civ. Proc. § 1902, to recover damages for a wrongful act causing the death of a decedent, where the judgment dismissing the complaint on the merits, upon admitted facts, was reversed by the appellate division of the supreme court, and a new trial ordered, but the question presented on that appeal was novel and of first impression, *held,* that leave should be granted to appeal to the court of appeals.

2. DEATH BY WRONGFUL ACT—PARTIES TO ACTION.
    The only persons for whose benefit damages may be recovered in such an action, where the decedent left no husband or wife surviving him, are those who were the decedent's next of kin at the time of his death.

3. SAME—DEATH OF PARTY TO ACTION.
    Although the death, pending the trial of such an action, of the sole person entitled to damages, would have a material effect upon the amount of damage, if damage was caused to him between the time of decedent's death and that of his own death, yet such damage is recoverable in the action, and is given to the personal representatives of the deceased whose death caused the injury; and from a recovery, by the express terms of the statute, the plaintiff (the administrator of the estate of the first decedent) is entitled to deduct expenses of the action and commissions.

Motion for leave to go to the court of appeals.    Granted.

For former opinion, see 48 N. Y. Supp. 940.

Argued before VAN BRUNT, P. J., and PATTERSON and INGRAHAM, JJ.

INGRAHAM, J.    As the question presented upon this appeal was novel and of first impression, we think that leave should be granted to appeal to the court of appeals.    The question presented, however, was simply as to whether any cause of action survived the death of the person who was the next of kin of the deceased.    Necessarily, the question as to what damages such next of kin sustained in consequence of the death of the deceased was not before us.    We called attention to the fact that, by section 1902 of the Code of Civil Procedure, the right to maintain an action to recover damages for a wrongful act, neglect, or default occasioning the death of a person under the circumstances mentioned in that section is given to the executor or administrator of the deceased person in a representative capacity; that by section 1903 the damages recovered in such an action are exclusively for the benefit of the decedent's husband or wife and next of kin; and that by section 1904 the damages awarded to the plaintiff might be such a sum as the jury upon a writ of inquiry or upon a trial, or, where issues of fact are tried without a jury, the court or referee, deemed to be a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action was brought; and that by section 1905 the term "next of kin," as used in the foregoing sections, has the meaning specified in section 1870 of the Code.    By section 1870 the term "next of kin" includes all those entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed assets of a decedent, after pay-

ment of debts and expenses, other than a surviving husband or wife.

It is clear that the person for whose benefit damages may be recovered in such an action is such a person as was the next of kin, where no husband or wife survived the decedent; and that question would have to be determined as of the time of the death. It was not intended to be implied from anything that we said that the damage sustained by any person other than one occupying that relation to the deceased could be recovered in such an action. The person or persons who are the next of kin of the decedent are ascertained immediately upon the decedent's death. Whatever damage such person sustained in consequence of the death can be recovered in an action brought by the personal representatives of the deceased; and although the death before the trial of the action of one originally entitled to the recovery would have a material effect upon the amount of damage, if damage was caused to such person between the time of the decedent's death and the time of his own death prior to the entry of final judgment in the action, such damage is recoverable in the action, and is given to the personal representatives of the deceased whose death caused the injury; and from a recovery, by the express terms of the statute, the plaintiff is entitled to deduct expenses of the action and commissions. We make this statement for the purpose of avoiding any misconception of the scope of our decision.

The motion should be granted.

PATTERSON, J., concurs.    VAN BRUNT, P. J., concurs in result.