HENRY F. FREIE, Administrator of Estate of HER-
MAN FREIE, Appellant, v. ST. LOUIS-SAN FRAN-
CISCO RAILWAY COMPANY.

Division Two, June 25, 1920.

1. **ACTION FOR NEGLIGENT DEATH: Right of Legal Representa-
tive to Sue: Section 5425.** Section 5425 gives a right of action
where none existed at common law, but it points out the persons
who may sue, and they alone can sue, and the suit must be brought
within the time prescribed by it. Under the common law, adopted
in this State in 1816, a personal right of action died with the
person; and where no common law right to sue exists at the death
of a person, the party suing for damages for a violation of his per-
sonal rights must, in order to state a cause of action, show that
he is the person authorized by said section to maintain the action.
The husband, there being no children, is authorized by it to sue
for the negligent killing of his wife at any time within one year
after her death, but his administrator is not authorized by said
section to maintain an action for damages for her death. If he
died without suing, his administrator is not given the right by
said section to take his place, for said section does not name the
legal representative as a party who may maintain the action.

2. ———: ———: **Sections 105-6 and 5425: In Pari Materia.** Sections
105-6, being parts of the Administration Act and enacted in 1835,
and Section 5425, being a part of the Damage Act and enacted in
1855, are not *in pari materia*, since the one relates to damage to
property and the other to damage to person.

3. ———: ———: ———: **Administrator of Deceased Husband.** Sec-
tions 105-6 and 5425, Revised Statutes 1909, cannot be so con-
strued to be *in pari materia* as to authorize the administrator of
the husband, who survived his wife, there being no children, to
maintain an action for damages for the negligent killing of the
wife. The cause of action was personal to the husband, and when
he died the cause of action died with him.

Appeal from Franklin Circuit Court.—*Hon. R. A.
Breuer*, Judge.

AFFIRMED.

*Leonard & Sibley, Jesse H. Schaper* and *Shepard
Barclay* for appellant.

(1) The demurrer is not well taken. The history of the statutes, as to death by wrongful act, shows the legislative intent to create a right of survivorship in this plaintiff, and such history should be considered in interpretation of the present law. Johnson v. Railroad, 196 U. S. 17; Macke v. Byrd, 131 Mo. 682; Greely v. Railroad, 123 Mo. 157. (2) These statutes (giving an action in such circumstances) should not be construed as in "derogation" of any ancient law, but as highly humane and remedial; and as such, effect be given to the purpose they import, to create survivorship of the rights of action conferred. State v. Canton, 43 Mo. 48; Johnson v. Railroad, 196 U. S. 17; Ham v. Robinson Co., 146 Ga. 442; Huntington v. Attrill, 146 U. S. 657. (3) Before our remedial statutes, plaintiff's intestate would have had a cause of action for loss of his wife's services and "consortium," constituting a property right which would survive to his administrator. Philby v. Ry., 46 Wash. 173; Eden v. Railroad, 14 B. Mon. 204; James v. Christy, 18 Mo. 162; Railroad Co. v. Banton, 54 Pa. St. 495; Murphy v. Railroad, 88 N. Y. 445. (4) The right of action in plaintiff's intestate created by the statute (Sec. 5425) survived to his administrator; and it was error in the circuit court to hold otherwise. Meekin v. Ry., 164 N. Y. 145; Cooper v. Elect. Co., 63 N. J. L. 558; Behen v. Transit Co., 186 Mo. 430. (5) The property rights of the intestate to compensation for expenditures for medical treatment, nursing and funeral expense (which were caused by the negligence complained of) also survived and were recoverable by plaintiff, as his adminstrator. Cases above cited. (6) All the laws of the State *in pari materia* should be considered in interpreting any part of them on the subject of survivorship of the right of action described in Section 5425 (as amended in 1911). R. S. 1909, secs. 105, 106, 1726, 5426-7-8; Laws 1911, p. 204, sec. 5425; Macke v. Byrd, 131 Mo. 690; State v. Slover, 126 Mo. 659.

*W. F. Evans, Edward T. Miller* and *James Booth* for respondent.

(1) Under the common law a right of action on the death of another did not survive, but abated at once. Gilkeson v. Railroad, 222 Mo. 173; Bates v. Sylvester, 205 Mo. 493; McNamara v. Slavens, 76 Mo. 330; Town of Carrollton v. Rhomberg, 78 Mo. 547; Gibbs v. City of Hannibal, 82 Mo. 143; Vawter v. Railroad, 84 Mo. 683; Barker v. Railroad, 91 Mo. 86; Davis v. Morgan, 97 Mo. 79; McIntosh v. Railroad, 103 Mo. 133; Hennessy v. Brewing Co., 145 Mo. 112; Brink v. Railroad, 160 Mo. 91; McGinnis v. M. C. & F. Co., 174 Mo. 229; Packard v. Railroad, 181 Mo. 426; Strode v. Railroad, 197 Mo. 626; Casey v. Railroad, 205 Mo. 724; Elliott v. Kansas City, 210 Mo. 576; Ins. Co. v. Brame, 95 U. S. 754. (2) Section 5425, as amended, gives no right of action to the executor or administrator of any of the beneficiaries therein named, and plaintiff, as administrator of his father's estate, is without remedy for the death of his mother. In other words, the right to maintain the action is created or given by this section, and by this section alone, and as this right is conferred in express terms by the statute upon the beneficiaries therein named it does not authorize an action by the administrator of any such beneficiary. And this because, his claimed right of action being created by statute and unknown to the common law, he can maintain it only when by his pleadings he brings himself within the terms of the statute when strictly construed. Gilkeson v. Railroad, 222 Mo. 173; Bates v. Sylester, 205 Mo. 493; Hegberg v. Railroad, 64 Mo. App. 553; Barker v. Railroad, 91 Mo. 94; Mathieson v. Railroad, 219 Mo. 548. (3) This statute (Lord Campbell's Act, modified by subsequent changes) does not create a new cause of action, but simply transmits or continues the right of action the deceased would have had, had death not ensued, subject to the limitations and restrictions therein contained. Proctor v. Railroad, 164 Mo. 119; Gilkeson v. Railroad, 222 Mo. 173; Sylvester v. Bates, 205 Mo. 493, (overruling Behen v. Railroad, 186 Mo. 430); White v. May, 64 Mo. 558; Gray v. McDonald, 104 Mo. 311; Hen-

nessy v. Brewing Co., 145 Mo. 112; Strode v. Railroad, 197 Mo. 626. (4) This cause of action was not a vested property right and did not survive to this plaintiff as administrator of the estate of Herman Freie, deceased, under the provisions of Secs. 105, 106, R. S. 1909. (5) The words "property, rights or interest" mean, as used in these sections, "property-rights or interest." Vawter v. Railroad, 84 Mo. 143; Gilkeson v. Railroad, 222 Mo. 173; Bates v. Sylvester, 205 Mo. 493. (6) Sections 105, 106, were enacted in 1835, while our Lord Campbell Act, with various modifications since that time, was enacted in 1865 (see Gilkeson v. Railroad, where the history of these statutes is given). Under these circumstances, Section 5425, being a later statute than Sections 105, 106, and the former applying specifically to a particular subject which clearly includes the matter in question and the latter sections being general in their terms, and those terms being such that, standing alone, would include the same subject-matter and thus conflict with Section 5425 as amended, then the former act, if not a repeal of the latter and general statutes, is an exception to them. Gilkeson v. Railroad, 222 Mo. 173; Ruschenberg v. Railroad, 161 Mo. 70; State ex rel. v. Dabbs, 182 Mo. 366; State ex rel. v. Frazier, 98 Mo. 426; State ex rel. v. Slover, 134 Mo. 19. (7) Sections 105, 106 have reference to property rights alone and by their express terms give no right of action for wrongs causing the death of another. Gilkeson v. Railroad, 222 Mo. 173; Bates v. Sylvester, 205 Mo. 493; Ryan v. Ortgier, 208 S. W. 856; Millar v. Transit Co., 216 Mo. 99; Stanley v. Vogel, 9 Mo. App. 98; Showen v. Railroad, 164 Mo. App. 41; Greer v. Railroad, 173 Mo. App. 276; Downs v. Railroad, 184 S. W. 995.

RAILEY, C.—The amended petition upon which the case was disposed of in the trial court is stated by counsel for appellant, as follows:

After the usual allegations of defendant's incorporation as a railway company, it charges, that defendant, while operating its train in said county, negli-

gently ran through the town of Catawissa, at a high and dangerous rate of speed, over a public road or street crossing, without signal by bell or whistle, where the view of travelers on the road was obstructed, in consequence of which negligence, Mrs. Elizabeth Freie was killed by one of defendant's trains at said crossing; that Herman Freie, her husband, was also injured on the same occasion, but survived his wife some time. Plaintiff is his administrator, since duly appointed by the probate court, duly qualified, and in charge of the estate of Herman Freie; that the latter, by defendant's said wrongful acts, was deprived of the "society, comfort, aid, companionship, services and consortium" of his said wife, and of his beneficial interest, as her husband, in her estate; and that, because of said negligence and injuries, various items of expense, (detailed) were incurred by said Herman Freie, including medical and nursing expenses, and the funeral expenses of his said wife; concluding with a demand for $10,000 damages.

Respondent demurred to above petition upon the following grounds:

"1. Said amended petition fails to state facts sufficient to constitute a cause of action against defendant.

"2. It appears from the face of said amended petition that no cause of action against defendant survives in favor of plaintiff against defendant on account of the matters and things in said petition alleged."

The trial court sustained said demurrer. Plaintiff declined to plead further. Final judgment was entered for defendant and plaintiff duly appealed the cause to this court.

I. As a matter of convenience, in considering the questions involved, we herewith set out the origin, and legislative history, of Sections 105-6, Revised Statutes 1909. They were first enacted in 1835, appear in the Revised Statutes of 1835, at page 48, and were

Origin and
History of
Statutes.
known therein as Sections 24 and 25. In the Revised Statutes of 1855, at page 133, they were Sections 26 and 27. In the General Statutes of 1865, page 491, they were Sections 29 and 30. In the Revised Statutes of 1879, they were Sections 96 and 97. In the Revised Statutes of 1889, they continued as Sections 96 and 97. In the Revised Statutes of 1899, they were still known as Sections 96 and 97. These sections were never amended after their enactment in 1835, and during all of this period they have remained as a part of the administration statute of our State. These sections read as follows:

"Sec. 105. For all wrongs done to property, rights or interest of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or, after his death, by his executor or administrator, against such wrongdoer, and, after his death, against his executor or administrator, in the same manner and with like effect, in all respects, as actions founded upon contract.

"Sec. 106. The preceding section shall not extend to actions for slander, libel, assault and battery or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator."

We likewise set out the origin and history of Section 5425, Revised Statutes 1909, as amended by the Laws of 1911, page 203 and following. This section was first enacted in 1855. It appears in the Revised Statutes of 1855, at page 647, as Section 2 of the Damage Act. In the General Statutes of 1865, page 601, it was continued, without change, as Section 2. In the Revised Statutes of 1879, it was continued, without change, as Section 2121. Section 2121 was amended in 1885 (Laws 1885, pp. 153-4) and, as amended, was carried into the Revised Statutes of 1889, and there known as Section 4425. The latter was carried into the Revised Statutes of 1899, as Section 2864, without change. The last named section was amended in 1905 (Laws 1905, pp. 135-6-7). The law, as amended in 1905, supra, was carried into

the Revised Statutes of 1909, without change, and is there known as Section 5425. The latter was amended in 1911 (Laws 1911, p. 203). The common law was adopted in this State on January 19, 1816.

It is well to keep in mind the foregoing history of Sections 105-6 and 5425, Revised Statutes 1909, in order to correctly understand which of the sections are referred to in the various opinions cited by the courts and in the briefs of counsel.

II. Appellant's theory of this case is clearly stated under proposition one, page 6, of his reply brief, as follows:

"The Death-Damage Act (Sec. 5425) creates a right of action in the husband; and in case of his death that right survives to his administrator under Section 105, those laws being *in pari materia*."

Right of Administrator to Sue.

Under the common law adopted in this State in 1816, a personal right of action died with the person. In 1855, Lord Campbell's Act was adopted in this State, as shown by Section 2, Chapter 51, Revised Statute 1855, page 647. This section has continued up to the present time, with the amendments thereto heretofore pointed out. It gives a right of action, where none existed at common law. It points out the persons who may sue, and they alone must sue within the time prescribed by the statute. [Gibbs v. City of Hannibal, 82 Mo. l. c. 149; Barker v. Ry. Co., 91 Mo. 86; McIntosh v. Ry. Co., 103 Mo. 131; Packard v. Railroad, 181 Mo. l. c. 427; Bates v. Sylvester, 205 Mo. 493; Elliott v. Kansas City, 210 Mo. 576 and following; Clark v. Railroad, 219 Mo. l. c. 538-9; Gilkeson v. Railroad, 222 Mo. 173 and cases cited; Chandler v. Railroad, 251 Mo. l. c. 600-1.]

These cases, and many others referred to therein, conclusively hold that, in an action of this character, where no common-law liability existed, the party suing, must, in order to state a cause of action, show that he is the person authorized by said Section 5425 to main-

tain the same. In the case at bar the petition alleges that Elizabeth Freie was killed; that her husband, Herman Freie, was injured in the same accident, and afterwards died from the effect of said injuries. It is further alleged that Henry F. Freie was appointed administrator of the estate of said Herman Freie, deceased. The latter, by the terms of Section 5425, supra, was authorized to sue for the death of his wife at any time within the year, as there were no minor children. He died without suing, and his administrator claims the right to take his place under said section. The legal representative is not named as a party who might maintain the action under said section. Unless, therefore, he is authorized to prosecute the suit under some other provision of the law, he is precluded from doing so, by the foregoing authorities.

III. It is contended, however, by counsel for appellant, that Sections 5425 and 105, supra, should be construed *in pari materia* and, when thus construed, they authorize the administrator of the husband to maintain an action for the death of the wife.

Turning to Sections 105-6, Revised Statutes 1909, we find that they were enacted in 1835, or practically eighty-five years ago. They have remained a part of the administration statute during all this period. Although innumerable deaths have resulted in this State from violence during said period, and many of which found their way into this court, we are not cited to a single case, in this jurisdiction, which ever held that an administrator, on the facts presented by this record, could, by virtue of Sections 5425 and 105, supra, maintain such an action. On the contrary, at least two cases, which were ably and exhaustively reviewed by this court, were brought here on the theory that an administrator, under such facts as are presented here, could, under said Sections 105-6 and 5425, when construed together, successfully maintain such an action. In both cases the right to maintain same by an administrator was denied. We refer to Gibbs, Admr., v. City of

Hannibal, 82 Mo. 143, and Gilkeson, Admr., v. Ry. Co., 222 Mo. 173.

It appears from the record in the Gibbs case that George L. Crosby, while driving with his wife and two infant children in a vehicle, crossing a bridge over a stream in the City of Hannibal, was precipitated into the stream by the fall of the bridge, alleged to have been caused by the negligence of the city. By reason of the casualty, the father, mother and two infant children perished. It was alleged in the petition, that Mrs. Crosby, the wife, survived her husband and two children, and that, while so surviving, a cause of action accrued to her for the death of each of them. The plaintiff therein was appointed administrator of Mrs. Crosby's estate and, on December 24, 1877, instituted suit in the Hannibal Court of Common Pleas. The petition consisted of three counts: The first, asking $5,000 for the death of her husband, and the second and third asking $5,000, respectively, for the death of each of her two children. To the above petition, a demurrer was filed, and sustained by the court. On appeal to this court, the judgment below was unanimously affirmed. RAY, J., after reviewing the authorities, and Sections 96 and 2121, Revised Statutes 1879, which were practically the same as Sections 105 and 5425, Revised Statutes 1909, among other things, at page 149 said:

"'These are the only beneficiaries who can maintain such an action. If in any case there be no such person, no suit can be brought by any other person. By the statute the action survives only to the parties named. They alone are the beneficiaries of the statute and it was never intended that such action should survive to the executor or administrator of any one of the beneficiaries named. It is a right personal to the beneficiary, and does not survive to his personal representatives. In the case at bar all the beneficiaries within the purview of the statute perished together in one common disaster and there was no person left to whom the action could survive. It follows that this action cannot be maintained by the present plaintiff who is the adminis-

trator of the wife. Under the statute he has no standing in the court.

"As to the other question, we think it quite manifest that the Damage Act, or Sections 2122, 2123, supra, have no reference to injuries or damages to property of the deceased, but only to personal injuries and such as the injured party, if living, might have recovered and such as the jury may deem fair and just with reference to the injury necessarily resulting to such survivor from such death. Injury or damage to property, as such, is not within the contemplation of the Damage Act and, consequently, no recovery can be had in such an action for such injury or damage. Section 96 of the Administration Law has reference exclusively to wrongs done to the property rights or interest of another and by Section 97 of same law do not extend to actions for slander, libel, assault and battery, or false imprisonment, nor to actions on the case for injuries done to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator. If any injury or damage was occasioned to the property of the husband in this case by the fall of the bridge occasioned by the negligence of the defendant corporation, the action therefor, if any, by operation of Section 96 of the Administration Law, supra, survived to the administrator of the husband, if to anybody, and not to that of the wife. Such is the express import of Section 96, supra. That section does not contemplate the injuries and damages, or the actions provided for by the Damage Act.

"The latter survives by special statute, contrary to the common law and only to the parties or beneficiaries named in the special statute. Various other questions have been discussed and numerous cases cited, but we deem them unnecessary to the disposition of the case.

"It follows, therefore, that there was no error in the ruling of the circuit court in sustaining the demurrer of defendant, and its judgment is, therefore, affirmed. All concur."

The opinion in the Gibbs case was rendered in 1884, and the court was then composed of Judge HOUGH, HENRY, NORTON, RAY and SHERWOOD. The bar, judiciary and General Assembly were informed, by the publication of the above opinion in 1884, that an administrator could not successfully maintain an action on facts exactly like the case before us. The above opinion has withstood the test of judicial criticism during the last thirty-five years and, although the Legislature has been in session many times during said period, the law has never been changed so as to confer upon an administrator the right to maintain an action under the circumstances of this case.

The personnel of the court having changed since the decision in the Gibbs case, industrious counsel representing the plaintiff in Gilkeson, Admr., v. Ry. Co., 222 Mo. 173, conceived the idea of urging this court to change its ruling in respect to the principles of law declared in the Gibbs case. In the Gilkeson case, it appears from the record, that the father and mother of plaintiff's intestate were passengers on defendant's train and were killed on October 10, 1904, through the negligence of defendant in operating the same. Clifford Ragel, their son, fourteen years of age, was injured in the same wreck and died in Pettis County, Missouri, on October 14, 1904. The plaintiff, George G. Gilkeson, was appointed administrator of the estate of Clifford Ragel, deceased, by the probate court of Johnson County, Missouri, duly qualified as such, and commenced the above suit in Johnson County aforesaid, in two counts. The first was for $5,000, based upon the death of the father, and the second count was based upon the death of the mother. In other words, the administrator of the son's estate sued in two counts for $5,000 each, based upon the respective deaths of the father and mother The administrator recovered in the court below a judgment upon each count for $5,000. This court, in a unanimous opinion, reversed the cause, and entered judgment here for defendant.

We have before us the record and briefs of counsel in the Gilkeson case. The cause was elaborately briefed upon each suit and fully argued orally. Practically, all the leading authorities cited by appellant's counsel in this case were presented to the court, and many authorities from other states cited in support of plaintiff's theory. Sections 105-6 and 5425, supra, were fully discussed upon each side. Judge WOODSON, in behalf of Division One, before whom said cause was pending, delivered an able and exhaustive opinion upon the questions involved, in which all the members of that division concurred. This opinion was rendered in 1909. The court at that time was composed of Judges LAMM, VALLIANT, WOODSON and GRAVES.

In passing, it will be observed, that the *obiter dictum* of Judge VALLIANT in Behen v. Transit Co., 186 Mo. l. c. 445, so strongly relied on by counsel for appellant here, was not only overruled in terms by Judge GANTT, speaking for this Division in Bates v. Sylvester, 205 Mo. l. c. 501, but in the Gilkeson case, at pages 196-7, the *obiter dictum* of Judge VALLIANT in the Behen case was again overruled, and Judge VALLIANT concurred in the opinion overruling same.

With the published ruling in the Gilkeson case, following that in Gibbs v. City of Hannibal, supra, the Legislature has never taken any action to overturn the above cases, and have, apparently at least, acquiesced in the construction placed by this court upon said Sections 105-6 and 5425, Revised Statutes 1909.

It is to the interest of the public that there be an end to litigation. This Division, having ruled adversely to appellant's contention in Bates v. Sylvester, 205 Mo. 493, where the statutes aforesaid and authorities are reviewed; and the same result havig been reached in the Gibbs and Gilkeson cases, supra, we do not deem it necessary to either cite, or further consider, the array of authorities in respondent's brief sustaining the views heretofore expressed.

Without considering this question further, we are of the opinion that the trial court reached a correct con-

clusion in behalf of respondent. The judgment below is accordingly affirmed. *White, C.*, concurs: *Mozley, C.*, absent.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.