## Marshall Wilcox, Administrator, Appellant, v. Wm. G. Bierd and Wm. W. Wheelock, Receivers for Chicago & Alton Railroad Company, Appellees.

### Gen. No. 7,725.

1. DESCENT AND DISTRIBUTION—*relative degrees of kindred of parents and children of deceased.* The former common-law rule of this state that the father and mother of a deceased person stood in the same degree of kindred as his children has been wholly superseded by Cahill's Ill. St. ch. 39, ¶ 1, subds. 1 and 2, shifting the parents to the second degree.

2. DESCENT AND DISTRIBUTION—*"next of kin" of decedent tortiously killed within Injuries Act.* The "next of kin" who are made beneficiaries under section 2 of the Injuries Act, Cahill's Ill. St. ch. 70, ¶ 2, means the nearest of blood at the time of the death of deceased and the right of action given by the statute is for the exclusive benefit of such next of kin and does not pass upon the death of such next of kin to those who are next in line under the statute of descent, Cahill's Ill. St. ch. 39.

3. DEATH BY WRONGFUL ACT—*when . cause of action for death by wrongful act abates.* Where the mother and one child of a family were instantly killed in a collision between defendants' train and an automobile in which they were riding, and the father died ten minutes later, while the only remaining child survived him by thirty minutes, such surviving child became the next of kin of the father under the terms of the Injuries Act, Cahill's Ill. St. ch. 70, and the right of action which vested in her for the death of her father did not survive upon her death to the father's parents.

Appeal by plaintiff from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed October 22, 1924.

GEO. M. MORGAN and EDMUND BURKE, for appellant.

WILLIAM L. PATTON, for appellees; SILAS H. STRAWN, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This action was brought in the circuit court of Sangamon county against William G. Bierd and William W. Wheelock, receivers, etc., by the appellant, Marshall Wilcox, as administrator of the estate of Percy C. Wilcox, deceased, for the benefit of the next of kin of the deceased, under chapter 70 of the Revised Statutes of Illinois, namely, the act providing for compensation "for causing death by the wrongful act, neglect or default." The original declaration filed in the case contained three counts charging the appellees with negligence in running and operating a Chicago & Alton railroad train across South Grand Avenue, a public street in the city of Springfield. The first count charges that the appellees were possessed of, and maintained, certain gates at the street and railroad crossing mentioned, and had a servant whose duty it was to lower the gates across the street as a train was approaching, and that he failed to do so. And it is also charged that by virtue of an ordinance in the city of Springfield, the speed of the railroad trains in the city was limited to 10 miles per hour at the place in question; and that the appellees' servants violated the ordinance by running the train across the street and crossing in question 40 miles an hour. The declaration alleges that the deceased, Percy C. Wilcox, was driving along South Grand Avenue with due care and caution in an automobile with his family, and across the crossing in question; and that because of the negligence charged, the automobile was struck by the engine of the train in question and the deceased was killed; and that he left surviving him, one child, Mildred Wilcox, of the age of nine months. To the declaration the appellees filed a plea in abatement which alleges that at the time of the death of Percy C. Wilcox, he left surviving him no widow, but left surviving him as his sole surviving next of kin, his infant daughter of the age, to wit, nine months, whose name is Mildred Wilcox;

and that on said November 27, 1922, and within, to-wit, 30 minutes after the death of said Percy C. Wilcox, said Mildred Wilcox departed this life; that no administration has ever been taken out on the estate of Mildred Wilcox; and that she died before the appointment of the appellant as administrator of the estate of Percy C. Wilcox, and before the bringing of this suit; that by the death of said Mildred Wilcox, as aforesaid, the cause of action on account of Percy C. Wilcox' death, created by said chapter 70, abated. The plea was verified by affidavit. Appellant filed a general demurrer to the plea in abatement referred to which the court overruled. Appellant thereupon asked and obtained leave to file additional counts, and in accordance with the leave filed three additional counts containing practically the same charges of negligence as the original counts. The additional counts also contain the following allegations concerning the effect of the collision: "The train collided with and struck with great violence the automobile in which the plaintiff's intestate and his wife, Mary T. Wilcox, and all his children, namely, Edna Wilcox and Mildred Wilcox, were then and there riding, and killed all of them; that the said wife, Mary T. Wilcox, and the said child, Edna Wilcox, died instantly and within, to wit, 10 minutes after their death Percy C. Wilcox died at the age of 29 years, and within, to wit, 30 minutes after he died, the other child, Mildred Wilcox, died at the age of nine months * * *; that both the father and mother of said Percy C. Wilcox, to whom he contributed support, survived him and are now living, and that no brothers or sisters * * * survived him." To the additional counts, the appellees filed a general and special demurrer for the reason that it appears on the face of each of the additional counts that plaintiff's intestate left surviving him a daughter of the age of nine months, Mildred Wilcox; and that the right of action, if any, growing out of the death of the plaintiff's intestate, accrued

to the benefit of said Mildred Wilcox, and to no other person or persons; and was a right personal to her; and that Mildred Wilcox died within 30 minutes after the death of the plaintiff's intestate, and before the bringing of this action; and that upon her death the right of action abated. The court sustained the demurrer and rendered judgment in bar against the appellant. This appeal is prosecuted from the judgment.

The question therefore raised by this controversy is whether the father and mother of the plaintiff's intestate, under the provisions of the act requiring compensation for causing death by wrongful act, neglect or default, can be considered under the facts stated in the plea of abatement and the additional counts filed, as next of kin of the plaintiff's intestate, and therefore entitled to a recovery. It is insisted by the appellant that the father and mother of plaintiff's intestate are next of kin under the rules of the civil law, and that the rules of the civil law are applicable in this case. It is true that under the rules of the civil law, which was the common-law doctrine at one time in this state, the father and mother stood in the same degree of kindred as a child or children of a deceased person, and they were recognized to be such in the distribution of intestate estates prior to the statutes of 1829. *Hays v. Thomas*, Breese (1 Ill.) 137. Under the rule of distribution, however, as established by the laws of 1829, and which has since remained in force, the child or children of the deceased are the only next of kin in the first degree, and the parents of the deceased were shifted to the second degree, in line with the brothers and sisters of the deceased. Cahill's Ill. St. ch. 39, ¶ 1, subds. 1 and 2. The former common-law rule has therefore been wholly superseded by the statute law. *Collins v. Metropolitan Life Ins. Co.*, 232 Ill. 37. Section 2 of the Injuries Act referred to provides that such action

shall be brought by and in the names of the personal representatives of such deceased persons, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law, in relation to the distribution of personal property left by persons dying intestate, and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person. It has been held that the term "next of kin" used in the statute must be considered to have been used in its technical sense (*Chicago & A. R. Co. v. Shannon,* 43 Ill. 338; *Chicago, P. & St. L. R. Co. v. Woolridge,* 174 Ill. 330); and that "next of kin" means the nearest of blood at the time of the death of the deceased (21 Am. & Eng. Ency. (2nd Ed. 540); *Suman v. Harvey,* 114 Md. 241, 79 Atl. 197); and that. the right of action given to the next of kin, under the Injuries Act, refers to those who were such at the time of the decedent's death. *Mundt v. Glockner,* 26 N. Y. App. Div. 123, 50 N. Y. Supp. 190. *In re Ellis' Estate,* 43 Ind. App. 620, 88 N. E. 341; *Dillier v. Cleveland, C., C. & St. L. Ry. Co.,* 34 Ind. App. 52, 72 N. E. 271; *Bean v. Louisville & N. R. Co.,* (Tenn.) 29 S. W. 370; *Hammond v. Lewiston A. & W. St. R. Co.,* 106 Me. 209, 76 Atl. 672. In view of the authorities cited, it seems clear that the next of kin referred to, and which are contemplated by the statute, as the beneficiaries for whose benefit the action is given are the next of kin as defined by sections 1 and 2 of the statute of descent [Cahill's Ill. St. ch. 39], concerning the distribution of intestate property; and mean those who are next of kin at the time of the decease of the person whose death is caused by the wrongful act in question; and the right of action is given for their

exclusive benefit. From the facts averred in the declaration, and also set up in the plea in abatement (which was sustained by the court), it clearly appears that Mildred Wilcox was the only surviving next of kin of plaintiff's intestate at his death and the right of action provided by the statute was for her exclusive benefit as stated in the act, and this right did not pass, on her death, to the father and mother of the plaintiff's intestate who did not become next of kin until after the death of Mildred. It is true that Mildred did not survive the deceased intestate very long, but the length of the time which she survived would not change the fact that she was the only next of kin at the time of the intestate's death, and therefore the one entitled to the right of action. It appears to be a well-settled law that the right of action would not pass at Mildred's death to other next of kin, or to whoever was next in order at the time the action arose. *Gilkeson v. Missouri Pac. R. Co.*, 222 Mo. 173, 121 S. W. 138; *Freie v. St. Louis-San Francisco R. Co.*, 283 Mo. 457, 222 S. W. 824; *Dillier v. Cleveland, C., C. & St. L. R. Co., supra; Bean v. Louisville & N. R. Co., supra.*

We are of opinion, therefore, that the court did not err in overruling the demurrer to the plea in abatement, nor in sustaining the demurrer to the additional counts of the declaration. The judgment is affirmed.

*Affirmed.*